**James W. KNIGHT, County Clerk, Appellant,**

v.

**Alexander CADENA et ux., Appellees.**

**No. 14981.**

Court of Civil Appeals of Texas, San Antonio.

April 28, 1971.

Rehearing Denied June 9, 1971.

Ted Butler, Dist. Atty., R. Emmett Cater, Antonio G. Cantu, Asst. Dist. Attys., San Antonio, for appellant.

Evans, Marshall & Ribak, San Antonio, for appellees.

BARROW, Chief Justice.

Appellant, in his official capacity as County Clerk of Bexar County, has appealed from a writ of mandamus issued by the County Court at Law No. 3 of Bexar County ordering him to file and docket forthwith a certain cause styled, Alexander Cadena et ux. v. James Phillips et ux., being an appeal by defendants from a judgment of the Justice Court, Precinct 2, granting plaintiffs restitution of certain premises in plaintiffs' suit for forcible entry and detainer. Appellant Knight concedes that Phillips et ux fully complied with Rules 749–751, Texas Rules of Civil Procedure, but refused to file and docket said cause until the statutory filing fee of $18.00 was paid as required by Article 3930(b), Vernon's Annotated Civil Statutes.

On September 11, 1969, the judgment granting Cadena et ux restitution was signed by Hon. Tom Stolhandske, Justice of the Peace, Precinct 2. Phillips timely posted their appeal bond which was approved by Justice Stolhandske on September 16th. On the same date, the transcript of proceedings in the Justice Court were tendered to appellant Knight by Justice Stolhandske. Knight refused to file and docket this cause in the County Court until the sum of $18.00 was deposited pursuant to Article 3930(b), supra. Phillips were notified of this demand by Justice Stolhandske, but refused to pay said deposit. However, Justice Stolhandske considered Phillips' appeal as perfected and refused to issue a writ of restitution. This left plaintiffs in the frustrating position of not having possession of the property and being in neither the Justice nor the County Court unless willing to pay the filing fee for Phillips.

On March 6, 1970, appellees Alexander Cadena et ux filed their petition for writ of mandamus in the County Court at Law No. 3 of Bexar County, wherein they sought a writ requiring the Justice of the Peace to issue a writ of restitution, or in the alternative, a writ requiring the County Clerk to forthwith file said cause in the County Court. Although their legal positions are clearly inconsistent, the Bexar County District Attorney filed a sworn joint answer upon behalf of both defendants setting forth the legal position of each defendant. Furthermore, said District Attorney represented both defendants at the trial. At the conclusion of said trial, the writ was denied as to Justice Stolhandske, but granted as to appellant Knight. An appeal was perfected for appellant Knight by said District Attorney, who now urges on this appeal that Justice Stolhandske's legal position was completely erroneous.

Article 3930(b), which was added by Acts 1967, 60th Legislature, ch. 680, p. 1785, effective August 28, 1967, provides in part: "(1) (a) *For each* original cause or *suit* in a County Civil Court, *including,* but not limited to, *appeals from Justice of the Peace Courts* or Corporation Courts and transfers of causes or suits from other jurisdictions, *a fee to be due and payable,* and *to be paid by* the plaintiff or plaintiffs, or *appellant or appellants, at the time said* cause or *suit is filed,* started or initiated. * * *" [Emphasis ours.] No question is raised regarding Knight's contention that the statute provides for a deposit of $18.00 if the statute applies to Phillips' attempted appeal from the Justice Court.

Appellees do not question the power of the Legislature to require a deposit as authorized by this statute; however, it is urged that this statute has no application to an appeal of a forcible entry and detainer action since this is a special proceeding under the Texas Rules of Civil Procedure. It is seen that the express language of the statute makes same applicable to appeals from Justice of the Peace Courts. Furthermore, there is nothing in this statute which in any way attempts to exclude its application to appeals in forcible entry and detainer actions. We have carefully compared the procedure set forth in Rules 749–751 for appeals from forcible entry

and detainer actions with that set forth in Rules 571–574 for appeals of other actions from the Justice Courts, and we can see no significant difference in the required procedures. Both procedures state that the appeal is "perfected" when the bond is filed with the Justice, and require the Justice to immediately prepare a transcript of the proceedings in said Justice Court.

We have found no case which considered the relationship of Article 3930(b) with Rules 749–751. However, the Attorney General of Texas Opinion No. M–230 of May 8, 1968, construed such statute along with Rule 571, and held that no conflict exists between these two provisions. We conclude that Article 3930(b) is applicable to an appeal of a forcible entry and detainer suit and is cumulative of the procedure required by Rules 749–751. Such statute "authorizes and requires" the County Clerk to collect the specified fee from the appellant at the time said suit is filed. Thus, Knight was authorized and required to collect the fee of $18.00 before filing and docketing Phillips' appeal. Since Phillips has failed and refused to pay same, the trial court erred in issuing the writ of mandamus ordering Knight to docket and file said appeal.

A somewhat similar question was presented in Nuckols v. Berkeley, 436 S.W.2d 160 (Tex.Civ.App.—Waco 1968, no writ), where relators sought a writ of mandamus to direct the County Clerk to record a judgment rendered on October 2, 1968. The Clerk refused to do so until payment of the costs as required by Article 3930(b), Section 2. The Court pointed out that the Act required payment of costs as a prerequisite to recording judgments in causes in which final judgment had not been rendered, but which were pending when the Act became effective. This cause was pending at such time, and therefore the Act required payment of costs. The writ was accordingly denied.

The writ of mandamus is dissolved and judgment here rendered that appellees'

Cadena et ux take nothing by their petition against Knight. Inasmuch as an appeal has not been perfected as to Justice Stolhandske, we express no opinion regarding the power of the County Court to issue a writ of mandamus against such official. The costs of this appeal are taxed against appellees.