**ADVANCE IMPORTS, INC., Appellant,**

v.

**GIBSON PRODUCTS CO., INC. OF SHERMAN, Appellee.**

No. 18762.

Court of Civil Appeals of Texas, Dallas.

Feb. 5, 1976.

Herman A. Lusky, Ungerman, Hill, Ungerman, Angrist, Dolginoff & Teofan, Dallas, for appellant.

Leo C. Michaud, Dallas, for appellee.

GUITTARD, Justice.

This suit for debt originated in the justice court. After the justice of the peace rendered judgment for plaintiff by default, the defendant filed an appeal bond with the justice, and a transcript of the proceedings was filed in the county court at law. More than two years later the county court at law dismissed the appeal on the ground that

defendant had not paid the filing fee of ten dollars required by Tex.Rev.Civ.Stat.Ann. art. 3930(b) (Vernon Supp.1975) and also on the ground that defendant had not made an appearance "at the next term of court," as required by Tex.R.Civ.P. 571. We hold that the dismissal cannot be justified on either ground, and, consequently, we remand the case to the county court at law for trial.

### Payment of Filing Fee

The record shows that the clerk of the county court at law accepted and filed the transcript of the proceedings and docketed the case without requiring payment of the fee provided by article 3930(b). More than two years later plaintiff moved to dismiss the appeal, and defendant then paid the fee, but the court nevertheless sustained the motion and signed an order dismissing the appeal.

Plaintiff argues that since jurisdiction of appeals from the justice courts is granted to county courts by Tex.Const. art. 5 § 16 "under such regulations as may be prescribed by law," and since the ten-dollar filing fee is prescribed by statute, its payment is a prerequisite to jurisdiction. We do not agree.

Article 3930(b) is a comprehensive statute prescribing various fees to be collected by clerks of the county courts. Section 1A(1)(a) prescribes, among other fees, the following:

For each original cause or suit in a County Civil Court, including, but not limited to, appeals from Justice of the Peace Courts . . . a fee to be due and payable, and to be paid by the plaintiff or plaintiffs, or appellant or appellants, at the time said cause or suit is filed, started or initiated . . . .

(i) For causes or dockets involving damages, debts . . . appeals from Justice of the Peace Courts . . a fee of $10.00.

■ We find no indication in this statute of a legislative intent to make payment of

this fee, or any other fee prescribed, a prerequisite to jurisdiction. Of course, the clerk may refuse to accept the case for filing if the fee is not paid. *Knight v. Cadena*, 467 S.W.2d 692 (Tex.Civ.App.—San Antonio 1971), *writ ref'd n.r.e.*, 474 S.W.2d 687 (Tex.1971). If he accepts and files the transcript without payment of the fee, his duty to collect the fee continues. In the *Knight* case, the Supreme Court expressly left open the question of whether the appellee may pay the fee and obtain a trial de novo. Presumably, therefore, the court may decline to proceed with the trial de novo until the fee is paid. However, we cannot accept plaintiff's argument that if the clerk by oversight or otherwise dockets the appeal without requiring payment of the fee, then the case is unlawfully docketed, the county court never acquires jurisdiction, and the judgment of the justice court is reinstated. Imposing such a severe consequence of the clerk's oversight on the justice court litigant would be so harsh and unjust that legislative intent to do so cannot be found by implication, and we find no explicit statutory language requiring such a result. Consequently, we hold that failure to pay the fee does not affect the jurisdiction of the county court.

Plaintiff contends further that perfection of an appeal from the justice court is a "two-step process," requiring both filing the appeal bond in the justice court and filing the transcript, together with payment of the fee, in the county court, and that unless both steps have been completed, the judgment of the justice court remains in effect. We find no support for this view in the rules governing appeals from the justice courts. Tex.R.Civ.P. 571 prescribes the terms of the appeal bond and provides:

> When such [appeal] bond has been filed with the justice, *the appeal shall be held to be thereby perfected* and all parties to said suit . . . shall make their appearance at the next term of court to which said case has been appealed. [Emphasis added.]

Rule 572 provides for an affidavit of inability to pay costs and the procedure for contesting such an affidavit. Rule 573 provides:

> When the bond, or the affidavit in lieu thereof, provided for in the rules applicable to justice courts, has been filed and the *previous* requirements have been complied with, *the appeal shall be held to be perfected.* [Emphasis added.]

The "previous requirements" referred to in rule 573 evidently do not include filing the transcript in the county court and payment of the filing fee because the only provision concerning the transcript is found in the rule next following, rule 574, which provides:

> Whenever an appeal *has been perfected* from the justice court, the justice who made the order, or his successor, shall immediately make out a true and correct copy of all the entries made on his docket in the cause, and certify thereto officially, and immediately send it together with a certified copy of the bill of costs taken from his fee book, and the original papers in the cause, to the clerk of the county court of his county, or other court having jurisdiction. [Emphasis added.]

The language of these rules leaves no doubt that the duty of the justice to prepare a transcript of his docket entries and transmit it, along with the original papers, to the clerk of the county court, and the duty of the clerk to file the transcript and papers and collect the filing fee do not arise until the appeal "has been perfected" by filing the bond or affidavit. Consequently, failure of the justice or clerk to perform any of these ministerial duties does not reinstate the judgment of the justice court. That judgment is vacated by filing the appeal bond. *See Harter v. Curry*, 101 Tex. 187, 105 S.W. 988, 989 (1907). Any dismissal by the county court after the appeal "has been perfected" from the justice court would not be a dismissal of the appeal, but a dismissal of the action, and

would leave the matter standing as if no suit had been filed.[1]

### Appearance at "Next Term"

The second ground recited by the county court at law for dismissing the appeal was failure of the defendant to make an appearance at the "next term of court," as required by Tex.R.Civ.P. 571. We hold that this ground also is untenable.

Plaintiff acknowledges that defendant made an appearance in the county court by filing the appeal bond[2] on April 30, 1973, and also by filing an answer on May 3, 1973, but plaintiff insists that the provisions of rule 571 above quoted required an appearance also at the "next term of court," which began in June 1973. The evident purpose of the rule is to require the parties to appear no later than the "next term of court." We hold that an appearance at one term of court is effective also for the "next term" under the principle that an appearance, once made, cannot be withdrawn. *Williams v. Huling*, 43 Tex. 113, 120 (1875). Consequently, we need not consider whether a party's failure to make an appearance as required by the rule would be ground for dismissal of the appeal and reinstatement of the judgment of the justice court.

The judgment of dismissal is reversed and the cause is remanded to the county court at law for trial de novo.

---

1. The trial court's order of dismissal was entered before the effective date of Tex.R. Civ.P. 143a which provides:

    If the appellant fails to pay the costs on appeal from a judgment of a justice of the peace or small claims court within twenty (20) days after being notified to do so by the county clerk, the appeal shall be deemed not perfected and the county clerk shall return all papers in said cause to the justice of the peace having original jurisdiction and the justice of the peace shall proceed as though no appeal had been attempted.

    This rule was adopted by the Supreme Court at the suggestion of the Honorable Tom King, former judge of the County Court of Dallas County at Law Number Two, for the purpose of remedying the problem of how to dispose of appeals perfected from the justice court under rule 571, but not docketed for trial de novo because of nonpayment of costs. This rule is consistent with our view that failure to pay the fee at the time of filing the appeal does not leave the judgment of the justice court in force. Under the new rule, the judgment is reinstated only if the appellant persists in his failure to pay the costs after notice from the clerk.

2. *See Hairston & Peters v. Southern P. Ry.*, 94 S.W. 1078 (Tex.Civ.App.1906, no writ).