M.R. TANNER, Appellant,

v.

Herbert L. AXELRAD, et al., Appellees.

No. 01–84–0440–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 20, 1984.

Rehearing Denied Nov. 21, 1984.

W. Lawrence Gray, Houston, for appellant.

Richard H. Callison, Parks & Moss, Houston, for appellees.

Before EVANS, C.J., and DUGGAN and JACK SMITH, JJ.

## OPINION

JACK SMITH, Justice.

This appeal arose from a denial of a temporary injunction against a writ of restitution based on a forcible entry and detainer action brought by Herbert L. Axelrad against M.R. Tanner. We affirm.

Axelrad filed suit for forcible entry and detainer in Harris County Precinct One Justice Court. Tanner responded by filing a motion to dismiss, complaining that the justice of the peace for precinct one did not have jurisdiction in the case, because the real property sought to be repossessed was located outside the geographical boundaries of that precinct. In response the court transferred the cause to Harris County Precinct Five Justice Court. After the transfer, an amended petition was filed by Axelrad and service obtained. Tanner then filed a plea in abatement in the precinct five proceeding, alleging that the transfer was void, because the action must be commenced in the precinct where the property is situated and there is no statutory authority to permit a transfer. This motion was denied and, after a hearing, the court granted forcible entry and detainer relief.

Tanner then appealed to County Court At Law No. 2 in Harris County, alleging the judgment was void. She claimed that because precinct five justice court lacked jurisdiction, the county court did not have the authority to hear the appeal or to issue the writ of restitution. The motion was denied, and after a hearing on the merits of the case, Axelrad again prevailed and the county court authorized the issuance of a writ of restitution.

Tanner then filed the present cause of action with the district court requesting a temporary restraining order and a temporary and permanent injunction against the county court's issuance of the writ of restitution. She alleged that the justice court judgment was void for want of jurisdiction; hence, the county court judgment was also void. The district court denied the relief requested and Tanner appealed to this court.

■ This court issued a writ of injunction staying execution of the writ of restitution based on our authority to issue such writs as may be necessary to protect our jurisdiction. Tex.Rev.Civ.Stat.Ann. art. 1823 (Vernon Supp.1984). A writ of injunction is an appropriate remedy to enjoin execution of a writ of restitution pending disposition of an appeal from the trial court's denial of the writ of injunction. *Madison v. Martinez*, 42 S.W.2d 84 (Tex. Civ.App.—Dallas 1931, writ ref'd).

Again on appeal, Tanner argues that the judgment on which the writ of restitution was based was void for want of jurisdiction of the justice court and the county court.

Jurisdiction of forcible entry and detainer suits is found in Tex.Rev.Civ.Stat.Ann. art. 2390, sec. 1 (Vernon 1971), which provides: "Cases of forcible entry and detainer must be brought in the precinct where the premises, or a part thereof, are situated." Similarly article 3973, concerning where an action lies for forcible entry and detainer, provides: "Any justice of the peace of the precinct where the property is situated shall have jurisdiction of any case arising under this title."

■ The property subject to the writ of restitution is located in precinct five, not precinct one where the suit was originally filed. We need not reach the question of

the validity of the transfer from precinct one to precinct five because we hold that the precinct five justice court acquired jurisdiction when Axelrad filed an amended petition in that court following the transfer.

■ To commence a civil suit in a district or county court a plaintiff shall file a petition and such other supplemental documents as are necessary in the office of the clerk. Tex.R.Civ.P. 22, 78. These rules apply to justice courts. Tex.R.Civ.P. 523. In *Brown v. Prairie View University*, 630 S.W.2d 405 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.), the court held that even though a district court had no authority to transfer a cause of action, the court to which it was transferred did acquire jurisdiction when the plaintiff filed a petition in the second court entitled, "First Amended Original Petition." Similarly, in this case, Axelrad filed a first amended original petition in justice court precinct five. That petition meets the requisites of a complaint as set out by rule 741. Had the precinct one justice court dismissed this cause of action, Axelrad could have commenced a new cause of action by filing an original petition in justice court precinct five. Even though the pleading was titled "First Original Amended Petition," it can be considered according to its content rather than its title. *Staley v. Western Steel Wire & Pipe Co.*, 355 S.W.2d 565 (Tex.Civ. App.—Dallas 1962, writ ref'd n.r.e.).

■ Tanner also contends that the failure to pay a filing fee defeats the jurisdiction of the precinct five justice court. Tex. Rev.Civ.Stat.Ann. art. 3935 (Vernon Supp. 1984) is a comprehensive statute describing various fees to be collected by justices of the peace. Section A of article 3935 prescribes a seven dollar fee to be collected from the plaintiff for each original cause of action. There is no indication in this statute that the payment of this fee or any other fee is a prerequisite to jurisdiction. *See Advance Imports, Inc. v. Gibson Products Co.* 533 S.W.2d 168 (Tex.Civ.App. —Dallas 1976, no writ). To support her contention that the filing fee is a prerequi-

site of jurisdiction attaching, Tanner cites *Knight v. Cedena*, 467 S.W.2d 692 (Tex. Civ.App.—San Antonio, *writ ref'd n.r.e. per curiam* 474 S.W.2d 687 (Tex.1971)). However, this case holds that a clerk may refuse to accept a case for filing if the fee is not paid. If the clerk accepts and files the case without payment of the fee, the duty to collect the fee continues. Consequently, we conclude that failure if any, to pay the fee does not affect the jurisdiction of the justice court.

We hold that when Axelrad filed the amended pleading in precinct five justice court and obtained service, he invoked the jurisdiction of that court as if he had filed a petition and commenced his lawsuit in that court in accordance with the rules of civil procedure.

Accordingly, precinct five justice court had jurisdiction of the case, and ultimately the county court at law had the authority to issue a writ of restitution. Tex.R.Civ.P. 749. The order of the trial court denying the temporary injunction is affirmed.