**Tom BEARD, Relator,**

v.

**The Honorable Alex R. GONZALEZ, Judge of the 83rd Judicial District Court of Pecos County, Texas, Respondent.**

No. 08–96–00205–CV.

Court of Appeals of Texas, El Paso.

June 13, 1996.

Carey Charles Dippel, Houston, for Relator.

Steven E. Rogers, Dallas, for Real–Party–in–Interest.

Before BARAJAS, C.J., and LARSEN and McCLURE, JJ.

## OPINION

LARSEN, Justice.

In this mandamus action, relator Tom Beard requests that this Court compel Judge Alex Gonzalez of the 83rd District Court to vacate his order transferring this case from Brewster County to Pecos County. We find that Judge Gonzalez abused his discretion in granting a change of venue without allowing the reasonable discovery contemplated by TEX.R.CIV.P. 258, or the forty-five days notice contemplated in TEX.R.CIV.P. 87. We conditionally grant the writ.

## FACTS

Real-party-in-interest Fred Vogt sued Tom Beard for personal injuries resulting from an alleged assault. Vogt brought suit in Brewster County, where both parties reside. On August 7, 1995, Vogt filed his motion to change venue, alleging that Beard is the husband of a well-known local politician, that Beard is a member of a well-known local family with extensive holdings in real estate and cattle, that Beard is known or known of by almost every person in Brewster County, and that he is a "de facto public figure." Because of this, Vogt urged, Beard "is a person about whom the jury rightfully or wrongfully has already formed an opinion. This prejudged opinion deprives Plaintiff FRED VOGT of a fair and impartial trial." Accompanying the motion for change of venue were four affidavits containing the assertions included in the motion.

On August 16, 1995, Judge Alex Gonzalez set the venue motion for hearing on August 28, 1995, a mere twenty-one days after the motion to transfer was filed. Beard responded to the venue motion on August 24, and filed notices of intent to take depositions of three of the venue affiants on September 6 and 7. Beard filed his own affidavit controverting the motion for change of venue, and that of a disinterested affiant. Also on August 24, Beard filed his motion for continuance of the venue hearing. Beard there urged that his counsel had received the venue motion on July 31, 1995, and did not receive notice of the setting until August 21. The motion for continuance urged that insufficient time existed to conduct reasonable discovery, and that Beard needed until at least October 1, 1995 to depose non-parties and complete studies by demographic and polling experts on the venue issue.

On August 28, Judge Gonzalez denied Beard's motion for continuance, and on the basis of affidavit and deposition evidence ordered the case transferred from Brewster County to Pecos County. Judge Gonzalez heard evidence on Beard's motion for continuance, but not on the motion to transfer. He ordered the case transferred from Brewster County to Pecos County based upon the affidavit testimony, testimony from prior hearings, and deposition excerpts. His order states that:

[T]his action is transferred from Brewster County, Texas, to Pecos County, Texas. IT IS FURTHER ORDERED that the clerk of the Brewster County District Court is directed to send the complete file onto the District Clerk of 83rd Judicial

District Court in Pecos County, Texas, upon receipt of this Order.

IT IS FURTHER FOUND that such transfer is in the best interests of justice so that each party may receive a fair trial upon the merits of this action. The further jury trial of this action in Brewster County, Texas, based upon the evidence presented, would not only bear the appearance of impropriety, but also be fundamentally unfair.

Defendant Beard brings this petition for writ of mandamus, urging, among other contentions, that he received inadequate notice of the venue hearing under Tex.R.Civ.P. 87. We agree.

### Notice Under Rule 87

■ The relevant rule for determining a motion to challenge venue states:

1. **Consideration of Motion.** The determination of a motion to transfer venue shall be made promptly by the court and such determination must be made in a reasonable time prior to commencement of the trial on the merits. The movant has the duty to request a setting on the motion to transfer. Except on leave of court each party is entitled to at least 45 days notice of a hearing on the motion to transfer. Tex.R.Civ.P. 87(1).

To preserve error on the grounds that he was not given adequate time to conduct discovery or prepare for a hearing on venue, relator Beard was required to move for continuance. *Gonzalez v. Nielson*, 770 S.W.2d 99, 101 (Tex.App.—Corpus Christi 1989, writ denied). He did so, his counsel announced not ready on the day hearing was set, and presented testimony on why he could not adequately prepare to refute the venue allegations in the abbreviated time allowed here.

■ Tex.R.Civ.P. 258 provides that reasonable discovery shall be allowed in support of, and in opposition to, a motion to transfer venue. *See Union Carbide Corp. v. Moye*, 798 S.W.2d 792, 793 (Tex.1990)(orig.proceeding). The trial court here granted the transfer motion before Beard could complete depositions of Vogt's affiants, even where he noticed those depositions immediately upon learning of the setting; the transfer occurred without an evidentiary hearing and without the benefit of expert testimony Beard claims is relevant. Where the trial court denies a continuance and grants an early venue transfer, despite a showing of the need for the full forty-five day notice, mandamus is the appropriate remedy to insure compliance with Rule 87. *Henderson v. O'Neill*, 797 S.W.2d 905 (Tex.1990)(orig.proceeding). Nothing before us reflects a viable reason for the court's failure to provide the parties with the forty-five day notice contemplated by the rule, and we therefore conclude that the trial court abused its discretion in shortening the time to which each party was entitled in order to prepare for the venue hearing. *Id.*

### CONCLUSION

Because the trial court's order conflicts with Tex.R.Civ.P. 87, we hold that relator is entitled to a writ of mandamus directing the trial court to vacate its transfer order, and directing the trial judge to order the District Clerk to return the complete file to Brewster County. The writ shall issue only if Judge Gonzalez fails to act in accordance with this opinion.