NUMBER 13-09-00633-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT OF TEXAS

 

CORPUS CHRISTI—EDINBURG



 



 

robert
M. markham and

all
other occupants,                                                                  Appellants, 

 

v.

 

deutsche
bank national trust

company,
as trustee, in trust for 

the
registered holders of argent

securities
inc., asset-backed 

pass-through
certificates, series 2006-w5,          Appellee.



 



 

On appeal from the County Court at Law No. 1 

of Hidalgo County, Texas



 



 

MEMORANDUM OPINION

Before Justices Garza, Vela, and Perkes   

Memorandum Opinion by Justice Perkes 


            Appellant, Robert M. Markham,[1]
appeals the trial court’s summary judgment granting a forcible detainer in
favor of appellee, Deutsche Bank National Trust Company, as Trustee, in Trust
for the Registered Holders of Argent Securities Inc., Asset-Backed Pass-Through
Certificates, Series 2006-W5 (hereinafter “Deutsche Bank”).  Because the
justice court and county court at law lacked subject-matter jurisdiction, we
reverse the trial court’s judgment and dismiss this case for lack of
jurisdiction.

I.  FACTUAL AND PROCEDURAL BACKGROUND

Deutsche Bank filed a
forcible-detainer petition against Markham in the Court of the Justice of the
Peace, Precinct Three, Place Two, of Hidalgo County, Texas, seeking to evict
Markham from the property located at 307 Highland Drive, McAllen, Texas 78501
(“the property”).  After a jury trial, the justice court entered judgment on
the jury’s verdict in favor of Deutsche Bank.  Markham appealed de novo to the
county court at law, which granted a summary judgment in favor of Deutsche
Bank.  Markham thereafter filed a motion to set aside the county court’s
judgment and to dismiss for lack of jurisdiction, arguing that the justice
court lacked jurisdiction over the case because the property is not located
within the geographical boundaries of Justice of the Peace Precinct Three of
Hidalgo County, Texas.  Markham argued that because the justice court lacked
jurisdiction, the county court lacked jurisdiction.  The county court denied Markham’s
motion and this appeal followed.[2]
    

 

II.  ISSUES
PRESENTED

            Markham presents two issues for review:

(1)   
Did the justice court lack
jurisdiction to award Deutsche Bank relief in its forcible-detainer action when
the property at issue was not located within the precinct of the justice court?


 

(2)   
Did the justice court’s lack of
jurisdiction deprive the county court of jurisdiction when the justice court’s
judgment was appealed de novo to the county court? 

 

III.  STANDARD OF REVIEW AND
DISCUSSION

Subject matter jurisdiction is an
issue of law which we review de novo.  Singleton v. Casteel, 267 S.W.3d
547, 550 (Tex. App.—Houston [14th Dist.] 2008, pet. denied).  Subject matter jurisdiction is never
presumed and cannot be waived.  Ward v. Malone, 115 S.W.3d 267, 269
(Tex. App.—Corpus Christi 2003, pet. denied).  Jurisdiction over forcible-detainer
actions is expressly given to the justice court of the precinct where the
property is located and, on appeal, to the county court for a trial de novo.  See
Tex. Prop. Code Ann. § 24.004
(West 2000); Ward, 115 S.W.3d at 269; Goggins v. Leo, 849 S.W.2d
373, 375 (Tex. App.—Houston [14th Dist.] 1993, no writ); Tanner
v. Axelrad, 680 S.W.2d 851, 852 (Tex. App.—Houston [1st Dist.] 1984, writ
dism’d).  The appellate jurisdiction of a statutory county court is confined to
the jurisdictional limits of the justice court, and the county court has no
jurisdiction over an appeal unless the justice court had jurisdiction.  Ward,
115 S.W.3d at 269; Goggins, 849 S.W.2d at 375.

Deutsche Bank neither alleged nor
proved that the property is located within the geographical boundaries of
Justice of the Peace Precinct
Three of Hidalgo County, Texas.  Markham’s motion to set aside the county court’s judgment and to dismiss
for lack of jurisdiction includes a copy of a Hidalgo County road map and a precinct
map.  Markham’s exhibit, however, is not authenticated and does not clearly
show the relevant Hidalgo County precinct boundaries.    

An appellate court may take judicial
notice of an adjudicative fact sua sponte.  See Tex. R. Evid. 201(f); In re Baylor
Medical Center at Garland, 280 S.W.3d 227, 229 n.6 (Tex. 2008) (orig.
proceeding) (taking judicial notice sua sponte that trial judge had been
replaced by election during pendency of mandamus case); Martinez v. City of
San Antonio, 768 S.W.2d 911, 914 (Tex. App.—San Antonio 1989, no writ)
(discussing appellate court’s discretion to take judicial notice under Rule
201(f) and taking judicial notice on party’s request to avoid unjust judgment);
see also O’Quinn v. Hall, 77 S.W.3d 438, 477 (Tex. App.—Corpus Christi
2002, no pet.) (discussing nature of “adjudicative facts”).  The judicially
noticed fact must not be subject to reasonable dispute in that it is either:
(1) generally known within the territorial jurisdiction of the trial court, or
(2) capable of accurate and ready determination by resort to sources whose
accuracy cannot be reasonably questioned.  Tex.
R. Evid. 201(b).  It is particularly appropriate for an appellate
court to take judicial notice of a fact that pertains to a question of
subject-matter jurisdiction, rather than the merits of a dispute.  See City
of Glenn Heights v. Sheffield Dev. Co., Inc., 55 S.W.3d 158, 162–63 (Tex.
App.—Dallas 2001, pet. denied).  

We hereby take judicial notice that the
subject property is not located within Justice of the Peace Precinct Three of Hidalgo County,
Texas.  See Harper v.
Killion, 162 Tex. 481, 485, 348 S.W.2d 521, 523 (1961) (holding
intermediate appellate court could take judicial notice that entire city of
Jacksonville was located in Cherokee County, Texas); City of Dallas v.
Moreau, 718 S.W.2d 776, 781 (Tex. App.—Corpus Christi 1986, writ ref’d
n.r.e.) (concluding appellate court could take judicial notice of city charter
on appeal when city charter showed trial court lacked authority to submit
wrongful-termination appeal to a jury).  The location of the property is
capable of accurate and ready determination from a certified Justice of the
Peace Precincts Map of Hidalgo County, Texas.[3] 
The property is located within Justice of the Peace Precinct Two of Hidalgo
County, Texas.  As a result, the precinct-three justice court and the county
court lacked subject-matter jurisdiction over this case.  See Goggins,
849 S.W.2d at 375–76; Tanner, 680 S.W.2d at 852–53.  Accordingly, we
sustain both of Markham’s issues on appeal.      

IV.  CONCLUSION

We reverse the trial court’s judgment
and dismiss this case for lack of jurisdiction.

 

                                                                                    _______________________________

GREGORY T. PERKES

                                                                                    Justice

 

Delivered and filed the 

14th day of July, 2011. 









[1]
Robert M. Markham and All Other Occupants were named as defendants in the
lawsuit and are appellants on appeal.  Hereinafter, we collectively refer to
appellants as “Markham.”  

 





[2]
Counsel for Deutsche Bank informed this Court that Deutsche Bank elected not to
file a brief in this appeal.  On appeal, Markham has filed two motions asking
this Court to set aside the trial court’s judgment for lack of jurisdiction and
to dismiss this appeal.  The motions were carried with this case and are
hereby denied as moot in light of this opinion. 





[3] 
On June 9, 2011, this Court issued an order abating and remanding this case to
the trial court for supplementation of the appellate record with (1) the
specific geographical delineation of the relevant precinct boundaries, and (2)
a legible map showing the precinct boundaries with the streets contained in those
precincts.   On June 14, 2011, a certified map of Hidalgo County Justice of the
Peace Precincts Two and Three was filed in this cause.  The map bears an
official seal and the stamp of the Hidalgo County Elections Administrator,
Yvonne Ramon.  It is certified to be a true and correct copy of the original on
file and on record in the Elections Administrator’s office.  We hereby order
this appeal reinstated.