**Affirmed and Memorandum Opinion filed August 28, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00428-CV

---

### SOLUM ENGINEERING, INC., Appellant

### V.

### MARTHA M.J. STARICH AKA MARIE J. STARICH AND LORI A. HOOD, Appellees

---

**On Appeal from the 61st District Court
Harris County, Texas
Trial Court Cause No. 2011-35151**

---

## M E M O R A N D U M   O P I N I O N

Appellant Solum Engineering, Inc. sued appellees Martha Starich and Lori Hood in Fort Bend County. After the suit was transferred to the 61st District Court of Harris County, the court imposed monetary sanctions against Solum, ordering it to pay $7,500 to Hood for fees and costs. In this appeal, Solum complains that the court's order imposing sanctions is void as a matter of law. We affirm.

BACKGROUND

Solum sued Starich and Hood for breaches of fiduciary duty in Fort Bend County, and the 434th District Court transferred the suit to Harris County on June 3, 2011.[1] Ten days later, the District Clerk gave notice to all parties that the case would be dismissed under Rule 89 of the Texas Rules of Civil Procedure if Solum did not pay its filing fee within thirty days.[2] Solum did not pay the filing fee.

Hood filed a motion for summary judgment and a motion for sanctions on August 1. On August 15, Starich moved to dismiss the case, citing Rule 89 and the unpaid fees. Two days later, Solum moved to dismiss all of its claims against both defendants without prejudice. The trial court granted Solum's motion to dismiss on August 19.

Three days later, Hood filed a motion to reinstate the cause "for the purpose of hearing Hood's motions for Sanctions." The trial court signed an order reinstating the case on September 20 "for the purpose of hearing and ruling on . . . Hood's motion for Sanctions and other pending matters." Solum appealed the trial court's order reinstating the case. In an opinion filed October 11, 2012, we dismissed Solum's appeal because the trial court had not yet signed a final

---

[1] Originally, the case was randomly assigned to the 281st District Court. Because the case had previously been litigated in a separate cause number in the 61st District Court, the 61st District Court ordered the case transferred from the 281st Court to the 61st Court.

[2] Texas Rule of Civil Procedure 89 states in part:

After the cause has been transferred, as above provided for the clerk of the court to which the cause has been transferred shall mail notification to the plaintiff or his attorney that transfer of the cause has been completed, that the filing fee in the proper court is due and payable within thirty days from the mailing of such notification, and the case may be dismissed if the filing fee is not timely paid; and if such filing fee is timely paid, the cause will be subject to trial at the expiration of thirty days after the mailing of notification to the parties or their attorneys by the clerk that papers have been filed in the court to which the cause has been transferred; and if the filing fee is not timely paid, any court of the transferee county to which the case might have been assigned, upon its own motion or the motion of a party, may dismiss the cause without prejudice to the refiling of same.

judgment addressing Hood's still-pending motion for sanctions. *See Solum Engineering, Inc. v. Starich*, No. 14-11-00891-CV, 2012 WL 5307849 (Tex. App.—Houston [14th Dist.] Oct. 11, 2012, pet. denied) (mem. op.).

On April 19, 2013, the trial court ruled on Hood's motions for sanctions, ordering Solum to pay $7,500 to Hood for attorney's fees and costs incurred as a result of litigating this suit.

## ISSUES AND ANALYSIS

In eight issues, Solum complains that the trial court's sanctions order is void as a matter of law.

### I. Whether the trial court lacked jurisdiction to rule on Hood's motion for sanctions

Several of Solum's issues are predicated on the proposition that this case could not have been assigned and docketed in Harris County because Solum did not pay the filing fee required by Texas Rule of Civil Procedure 89 and section 51.317 of the Government Code; therefore, Solum reasons, the trial court lacked jurisdiction over the case and could not have granted Hood's motion for sanctions.[3] Rule 89 provides that, " . . . if the filing fee is not timely paid, any court of the transferee county to which the case might have been assigned, upon its own motion or the motion of a party, may dismiss the cause without prejudice to the refiling of same." Tex. R. Civ. P. 89. The Government Code provides an accounting of the amounts to be collected. *See* Tex. Gov't Code 51.317.

---

[3] Based on this reasoning, Solum asserts the following: (1) the trial court's reinstatement order was void because it referenced a "pending matter" which could not exist because Hood's motion for sanctions was not before the court; (2) the trial court abused its discretion when it transferred the case from the 281st District Court to the 61st District Court because that transfer assumed jurisdiction of the case and unlawfully absolved the District Clerk of its mandatory duty to collect a filing fee; and (3) because Hood's motion for sanctions was not and could not have been before the court, the trial court's plenary power ended thirty days after it signed the dismissal order on August 19, 2011.

To support its point, Solum relies on an Attorney General's Opinion, which states:

> Under Rule 89, the clerk of the court to which a case is transferred is required to receive certified copies of the papers, files and orders entered in the case and to notify the plaintiffs that the case has been "transferred" and that a filing fee is due. If the filing fee is not paid, any district court "to which the case might have been assigned" may dismiss the cause. This last phrase, contained in Rule 89, we believe, implies that the case is not "assigned," that is, placed on the docket of a particular court, before the filing fee is paid.
>
> . . .
>
> Cases transferred under a change of venue need not be assigned and docketed in the transferee county until a filing fee is paid.

Tex. Att'y Gen. Op. No. JM-216 (1984).

Hood responds that Solum's failure to pay the filing fee did not deprive the trial court of jurisdiction over the matter. Hood correctly notes that opinions issued by the Attorney General, though persuasive, are not binding on the courts of this state. *See Cavender v. Houston Distrib. Co., Inc.*, 176 S.W.3d 71, 76 n.1 (Tex. App.—Houston [1st Dist.] 2004, pet. denied). And further, courts have long held that the payment of a filing fee "is not generally a prerequisite to jurisdiction, nor does the failure to pay such fees deprive the trial court of jurisdiction over a case." *Nolte v. Flournoy*, 348 S.W.3d 262, 268 (Tex. App.—Texarkana 2011, pet. denied) (citing *J. Allen Family Partners, Ltd. v. Swain*, No. 04-09-00384-CV, 2010 WL 2103228, at *3 (Tex. App.—San Antonio May 26, 2010, no pet.) (mem. op.)); *see also Tanner v. Axelrad*, 680 S.W.2d 851, 853 (Tex. App.—Houston [1st Dist.] 1984, writ dism'd); *Advance Imps., Inc. v. Gibson Prods. Co., Inc. of Sherman*, 533 S.W.2d 168, 169–70 (Tex. Civ. App.—Dallas 1976, no writ)).

Notably, the Attorney General's Opinion concludes that cases transferred

4

under a change of venue "need not" be assigned before a filing fee is paid. *See* Tex. Att'y Gen. Op. No. JM-216 (1984). The Opinion does not state that a district clerk *must* not assign or docket a case before the filing fee is paid. *Id.* Likewise, Rule 89 itself gives discretion to district courts to dismiss a case for lack of a filing fee; it does not mandate that they do so. *See* Tex. R. Civ. P. 89 ("if the filing fee is not timely paid, any court of the transferee county to which the case might have been assigned, upon its own motion or the motion of a party, *may* dismiss the cause without prejudice to the refiling of same") (emphasis added). Accordingly, we agree with Hood that Solum's failure to pay the filing fee after the case was transferred to Harris County did not deprive the trial court of jurisdiction.

In a related issue, Solum asserts that the trial court erred because Hood's motion for sanctions "lacked a valid affidavit to support her grounds to reinstate." On this point, Solum argues that an affidavit of Hood's attorney, attached to her motion for summary judgment and motion for sanctions, is conclusory because it states that the suit was "initially and improperly filed" in Fort Bend County and refers to Solum's claims as "frivolous and groundless." Presumably, Solum contends that the allegedly conclusory affidavit is not evidence to support Hood's motion to reinstate; therefore, without evidence to support the motion to reinstate, the trial court lacked jurisdiction to sign the sanctions order. Without addressing whether the affidavit is conclusory, we note that Hood's motion for reinstatement did not rely on the affidavit in question. Rather, the affidavit appears to be presented as evidence of the reasonableness of the attorney's fees requested by Hood in her motion for sanctions. Solum has not presented an issue regarding the sufficiency of the evidence to support the motion for reinstatement.

Solum's issues that rely on a determination that the trial court lacked jurisdiction are overruled.

**II. Whether the trial court's sanctions order is void because the trial court abused its discretion**

Solum further complains of alleged abuses of discretion which it contends voided the trial court's sanctions order. We review a trial court's imposition of sanctions under Texas Rule of Civil Procedure 13 for an abuse of discretion. *Robson v. Gilbreath*, 267 S.W.3d 401, 405 (Tex. App.—Austin 2008, pet. denied). A trial court abuses its discretion if it acts arbitrarily or unreasonably. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

**A. Trial court's signing of the transfer order**

Solum first asserts that the trial court abused its discretion when it signed the order transferring this case from the 281st District Court to the 61st District Court. According to Solum, the local rules of the court mandated that the District Clerk transfer the case from the 281st District Court to the 61st District Court; therefore, the case would have been transferred to the 61st District Court even without the court's transfer order. Thus, Solum states that there was "no rational reason" for the trial court to sign the order, resulting in an abuse of discretion. Local Rule 3.2.1 of the Harris County Civil Trial Division provides that "[a]ny claim for relief based upon a prior judgment shall be assigned to the court of original judgment." Harris (Tex.) Civ. Dist. Ct. Loc. R. 3.2.1. Here, the 61st District Court's transfer order indicated that Solum's claim was based on a prior judgment in that court.

Solum agrees that Rule 3.2.1 dictated transfer of the case to the 61st District Court, and such transfer would have occurred regardless of the court's transfer order.[4] Because Solum has not demonstrated any harm, the asserted error provides

---

[4] Although Solum contends that the Rules required the District Clerk to order the transfer, the Rules state that "[i]f a case is on the docket of a court by any manner other than as prescribed by these rules, the Administrative Judge of the Civil Trial Division shall transfer the case to the

no basis for reversal. *See* Tex. R. App. P. 44.1. We overrule Solum's issue regarding the trial court's order transferring the case to itself.

### B. Trial court's findings to support the sanctions order

Solum further contends that the trial court abused its discretion because its sanctions order does not explicitly state a finding that Solum moved for a dismissal without prejudice to avoid an unfavorable judgment. The trial court's order thoroughly explains its findings and support for the sanctions, but does not make an explicit finding that Solum moved to dismiss its suit without prejudice to avoid an unfavorable judgment.

Citing the Supreme Court's decision in *Epps v. Fowler*, Solum suggests that the trial court could not have granted Hood's motion for sanctions unless it determined that the plaintiff took the nonsuit in order to avoid an unfavorable judgment. *See Epps v. Fowler*, 351 S.W.3d 862, 870 (Tex. 2011) ("[A] defendant may be a prevailing party when a plaintiff nonsuits without prejudice if the trial court determines, on the defendant's motion, that the nonsuit was taken to avoid an unfavorable ruling on the merits.").

The *Epps* decision concerned whether a defendant in a contract action could recover attorney's fees when the plaintiff voluntarily nonsuited its action without prejudice. *Id*. at 865. The contract between the parties provided for attorney's fees for the prevailing party, but did not define "prevailing party." *Id*. The court determined that the defendant may be a prevailing party if the trial court determines that the nonsuit was taken to avoid an unfavorable ruling on the merits. *Id*. at 870.

Unlike the defendant in *Epps*, Hood did not request attorney's fees under a

---

proper court." Harris (Tex.) Civ. Dist. Ct. Loc. R. 3.2.8. The Administrative Judge at the time of the transfer order was also the Judge of the 61st District Court.

contract that provided for fees for a prevailing party. Hood moved for sanctions under Chapter 10 of the Civil Practices & Remedies Code. Therefore, a determination that Solum took the nonsuit to avoid an unfavorable judgment was not necessary for the trial court to grant Hood's motion for sanctions.

Solum's issue regarding the absence of a finding that Solum took the nonsuit to avoid an unfavorable judgment is overruled.

### C. Trial court's sanctions as retaliatory or punitive

In a single issue, Solum complains that the trial court abused its discretion when it signed the sanctions order because "a reasonable person might conclude that [the court's] actions . . . appears (sic) to have been for the purpose of some form of retaliation against [Solum]." Solum also contends that it is entitled to mandamus relief because the sanctions order "imposes severe monetary restrictions that also threaten the litigation and penalize [Solum] for exercising its legal rights." *See In re Ford Motor Co.*, 988 S.W.2d 714, 723 (Tex. 1998) ("[A]ppeal is not an adequate remedy when a court imposes a monetary penalty on a party's prospective exercise of its legal rights.")

Other than reiterating its issue regarding the trial court's order transferring the case from the 281st District Court to the 61st, Solum points to no evidence supporting its claim that the trial court's sanctions order is in any way retaliatory. Nor does Solum explain how mandamus precedent providing for review of sanctions imposed while a case is being litigated requires reversal of sanctions imposed at the end of a case.

Solum's issue alleging retaliation by the trial court is overruled.

8

**III.    Whether the trial court's sanctions order is void for lack of notice**

In two final issues, Solum contends that various alleged notice defects over the course of the litigation require reversal of the trial court's sanctions order.

First, Solum asserts that the appellate record is defective because it does not contain the required mailed notification from the Harris County District Clerk to Solum informing it that the case had been transferred. But the record does, in fact, contain written notification from the Harris County District Clerk, mailed to Solum, notifying it that the clerk has received the transferred case and that filing fees were due and payable. *See* Tex. R. Civ. P. 89 ("After the cause has been transferred . . . the clerk of the court to which the cause has been transferred shall mail notification to the plaintiff or his attorney that transfer of the cause has been completed . . . ."). We therefore overrule this issue.

Solum's brief also seems to argue that the mailed notification was required to inform it that the papers of the case had been assigned to 61st District Court, specifically, yet it failed to do so. We understand Solum's argument in this respect to be a restatement of Rule 89 of the Texas Rules of Civil Procedure, which provides, " . . . and if such filing fee is timely paid, the cause will be subject to trial at the expiration of thirty days after the mailing of notification to the parties or their attorneys by the clerk that the papers have been filed in the court to which the case has been transferred." This provision is inapplicable because Solum never paid the filing fee.

Next, Solum argues that reversible error exists because it did not receive the full 45 days' notice before the Fort Bend County hearing on the motion to transfer venue to Harris County. *See* Tex. R. Civ. P. 87(1) ("Except on leave of court each party is entitled to at least 45 days notice of a hearing on the motion to transfer.") The Fort Bend County trial court set the hearing on the motion to transfer venue to

Harris County for June 3, 2011. The record indicates that Solum was served with notice of the hearing 37 days prior, on April 27, 2011. To preserve error on Rule 87 grounds that it did not receive its full 45 days' notice of the hearing or reasonable time to prepare, a party must have moved for a continuance. *See* Tex. R. App. P. 33.1; *Bench Co., Inc. v. Nations Rent of Tex., L.P.*, 133 S.W.3d 907, 908 (Tex. App.—Dallas 2004, no pet.); *Beard v. Gonzalez*, 924 S.W.2d 763, 765 (Tex. App.—El Paso 1996, no writ). Solum did not attend the hearing and did not file any written objection or motion for continuance. Accordingly, Solum's issue regarding notice of the hearing for the motion to transfer venue was not preserved, and we overrule it.

## CONCLUSION

The trial court's order granting Hood's motion for sanctions is affirmed.


/s/         Ken Wise
            Justice

Panel consists of Justices Boyce, Busby, and Wise.