**Opinion issued January 23, 2018**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-17-00384-CV
_____

## IN RE VELVIN OIL COMPANY, INC., Relator

---

## Original Proceeding on Petition for Writ of Mandamus

---

### MEMORANDUM OPINION

Velvin Oil Company, Inc. seeks mandamus relief challenging the trial court's order granting a Rule 202 Petition and its failure to rule on Velvin's motion to transfer venue.[1] We conclude that the trial court abused its discretion in failing to rule on the motion to transfer venue before deciding the Rule 202 Petition.

---

[1] The underlying case is *In re A.J.P. Oil Company, LLC d/b/a Grapeland Fuel & BBQ*, cause number 2017-20243, pending in the 61st District Court of Harris County, Texas, the Honorable Fredericka Phillips presiding.

Accordingly, we conditionally grant the petition as it concerns the motion to transfer venue.

**Background**

Velvin distributes diesel fuel, gasoline, and other related products to retailers across Texas, including AJP. AJP originally sued Velvin in Houston County alleging fraud, negligence, and other claims regarding the quality and merchantability of the diesel fuel sold by Velvin. AJP further alleged that Velvin committed fraud by overcharging AJP for fuel taxes and keeping the excess amount for itself.

Velvin filed a plea to the jurisdiction in the Houston County suit on the overcharge claims, asserting that the trial court lacked subject-matter jurisdiction because AJP failed to exhaust its administrative remedies. Specifically, Velvin argued that AJP's overcharge claims fell under the statutory provisions requiring tax refund claims to be filed with the state comptroller. *See Burgess v. Gallery Model Homes, Inc.,* 101 S.W.3d 550, 558 (Tex. App.—Houston [1st Dist.] 2003, pet. denied) (holding that legislature has created exclusive means for obtaining refund of improperly collected taxes and trial court lacks jurisdiction if plaintiff has not exhausted administrative remedies under this legislative scheme); TEX. TAX CODE § 111.104 (procedure for requesting tax refund from comptroller).

The Houston County trial court granted the plea and dismissed AJP's claims concerning overcharges and its claims for common-law fraud and negligent

misrepresentation. The Houston County lawsuit remains pending as to AJP's causes of action regarding the quality and merchantability of the diesel fuel it purchased from Velvin.

AJP later filed a Verified Rule 202 Deposition Petition in Harris County, seeking to investigate claims "arising out of Velvin's sale of diesel fuel and collection of state diesel fuel taxes." AJP argued that it was entitled to discovery on whether Velvin was collecting and keeping for its own benefit amounts represented to be fuel taxes paid to the refineries, but which included an excess amount that Velvin kept for itself.

Velvin filed an opposition to the petition, a motion to transfer venue, and a motion to dismiss. Velvin responded that the issues raised in the Rule 202 petition mirrored those dismissed in the Houston County case. Velvin also filed a motion for leave to set the venue motion on the same date as the hearing on the Rule 202 petition, but the trial court denied this motion for leave. After a hearing, the trial court granted the Rule 202 petition. The trial court has not ruled on Velvin's motion to transfer venue.

**Standard of Review**

3

To be entitled to mandamus relief, a petitioner must show both that the trial court abused its discretion and that there is no adequate remedy by appeal. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135 (Tex. 2004). Generally, appellate courts will hold that a trial court abuses its discretion if its actions are either "without reference to any guiding rules and principles" or "arbitrary or unreasonable." *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

## Trial Court Had Subject-Matter Jurisdiction

Although a person may petition a court for an order authorizing a deposition to investigate a potential claim or suit, *see* TEX. R. CIV. P. 202.1(b), a petitioner generally may not "obtain by Rule 202 what it would be denied in the anticipated action." *In re DePinho*, 505 S.W.3d 621, 623 (Tex. 2016). To properly obtain presuit discovery under Rule 202, the court must have subject-matter jurisdiction over the anticipated action. *Id.*

Subject-matter jurisdiction is necessary to a court's authority to decide a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). A plaintiff must allege facts affirmatively showing that the trial court has subject-matter jurisdiction, *id.* at 446, and a party may challenge the lack of subject-matter jurisdiction by filing a plea to the jurisdiction or by other means, including by motion for summary judgment. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex.

2000). Velvin filed an opposition and a motion to dismiss the Rule 202 petition on the ground that the court lacked subject-matter jurisdiction.

Whether a court has subject-matter jurisdiction is a question of law that we review de novo. *Mayhew v. Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998). When we conduct a de novo review, we exercise our own judgment and re-determine legal issues, giving no deference to the trial court's ruling. *See Quick v. City of Austin*, 7 S.W.3d 109, 116 (Tex. 1998).

Section 111.104 of the Tax Code, entitled "Refunds," provides for the filing of a tax refund claim with the state comptroller. *See* TEX. TAX CODE § 111.104(b). Unless the plaintiff exhausts administrative remedies under the statute, a trial court lacks subject-matter jurisdiction over a suit seeking a refund for overcharges of sales tax because the legislature has created an exclusive means for obtaining a refund of improperly-collected sales tax. *See Burgess*, 101 S.W.3d at 558 (holding that when defendant mistakenly charged customers inapplicable taxes and paid them to State, customer had to exhaust administrative remedy by filing claim with Texas Comptroller); *Serna v. H.E. Butt Groc. Co.*, 21 S.W.3d 330, 336 (Tex. App.—San Antonio 1999, no pet.) (holding trial court lacked jurisdiction over fraud claim because plaintiff failed to exhaust Tax Code administrative remedies when defendant inadvertently overcharged on sales tax and state comptroller). *See also Thomas v.* Long, 207 S.W.3d 334, 340 (Tex. 2006) ("If an administrative body has

5

exclusive jurisdiction, a party must exhaust all administrative remedies before seeking judicial review of the decision. Until the party has satisfied this exhaustion requirement, the trial court lacks subject matter jurisdiction and must dismiss these claims without prejudice to refiling."). Velvin asserted in the trial court, and asserts here, that AJP's petition for presuit discovery is an attempt to circumvent the Houston County lawsuit and to avoid the statutorily required administrative procedures, and thus, the trial court lacked jurisdiction to grant presuit discovery.

To determine whether the trial court had subject-matter jurisdiction over AJP's claims, we must determine whether the Tax Code applies to those claims. If so, "the Texas Legislature intended for the remedies and causes of action in the Tax Code to be exclusive." *Burgess*, 101 S.W.3d at 558. AJP does not allege that Velvin overcharged for fuel taxes and paid those amounts to the State. Instead, AJP asserts that Velvin misrepresented the taxes it paid and charged AJP an excess amount that it kept for itself. There is no support for requiring AJP to exhaust the procedures under the Tax Code when the State of Texas does not have the funds for which AJP sues.

Because AJP is not claiming an overcharge of taxes that were paid to the State or seeking a refund of taxes that were overpaid, Velvin has not shown that the trial court lacked jurisdiction and abused its discretion in denying the motion to dismiss on jurisdictional grounds.

6

**Trial Court Failed to Rule on Motion to Transfer Venue Promptly**

AJP filed its Rule 202 petition on March 24, 2017. Rule 202 permits a person to petition the trial court for an order to take a deposition "to investigate a potential claim or suit." TEX. R. CIV. P. 202.1(b). The petition must be verified and filed in the county where venue of the anticipated suit lies or where the witness resides, if suit is not anticipated. *See id.* 202.2(a)-(b). The petition was set for a hearing on May 19, 2017. Velvin timely filed its motion to transfer venue on April 28, 2017.

Velvin asserts that AJP failed to comply with Rule 202 venue requirements. TEX. R. CIV. P. 202.2(b)(1)-(2). AJP responded that venue in Harris County was proper because Velvin sells and delivers diesel fuel to retailers all over Texas, including some operating in Harris County.

A few days after filing the motion to transfer, Velvin filed a motion (1) for leave to set the motion to transfer without the required 45 days' notice on the same date as the Rule 202 petition hearing or, (2) alternatively, for a continuance on the Rule 202 petition hearing. The certificate of conference in the motion for leave indicates that AJP opposed the continuance but did not indicate that it was opposed to the motion for leave to set the motion to transfer on the same date as the Rule 202 petition hearing. Velvin contends that it asked AJP to move the Rule 202 Petition setting to July to allow 45 days' notice of the motion to transfer venue, but AJP opposed this delay. AJP did not file a response to the motion for leave to set the

7

matter on the same day as the hearing on the Rule 202 petition. The trial court denied Velvin's motion for leave and never ruled on Velvin's motion for continuance or motion to transfer venue.

Although a trial court has broad discretion to determine the order of proceedings, TEX. R. CIV. P. 84, that discretion is limited concerning motions to transfer venue. *Glover v.* Moser, 930 S.W.2d 940, 944 (Tex. App.—Beaumont 1996, writ denied). A motion to transfer venue must be decided promptly. *See* TEX. R. CIV. P. 87(1). The movant bears the burden of requesting a setting on the motion to transfer. *See id.* Each party is entitled to 45 days' notice of a hearing on the motion to transfer except on leave of court. *See id.*

Once Velvin properly filed its motion to transfer venue and requested a hearing, the trial court was required to hear the motion before ruling on the merits of the case. *See Glover*, 930 S.W.2d at 944 (once movant filed motion to transfer and obtained hearing, trial court required to hear and determine motion before hearing motion for default judgment); *see also Gordon v. Jones*, 196 S.W.3d 376, 383 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (unless motion to transfer venue is waived by untimely filing of motion, trial court must determine venue before proceeding to matters relating to merits). Accordingly, it was an abuse of discretion for the trial court not to determine the motion to transfer before determining the Rule 202 petition. *See Bench Co., Inc. v. Nations Rent of Tex., L.P.*, 133 S.W.3d 907, 908

8

(Tex. App.—Dallas 2004, no pet.) (trial court must determine motion to transfer venue before determining merits); *Glover*, 930 S.W.2d at 944 (trial court must rule on motion to transfer venue before ruling on motion for default judgment).

In its response to Velvin's mandamus petition, AJP asserts that the trial court did not abuse its discretion because the party opposing a motion to transfer must have the opportunity to obtain reasonable discovery. Essentially, AJP now objects to Velvin's motion on the basis that it needed time to conduct reasonable discovery in preparation for the venue hearing. *See* TEX. R. CIV. P. 258 (trial court shall allow reasonable discovery in support of, or in opposition to, motion to transfer venue). AJP contends that discovery on the venue matters would overlap with "the very same matters sought by AJP in its Rule 202 Petition." But AJP's objections are too late; AJP did not object to Velvin's motion to set the transfer motion sooner than the required 45 days or file a motion for a continuance of the hearing on the Rule 202 petition. *See Beard v. Gonzalez*, 924 S.W.2d 763, 765 (Tex. App.—El Paso 1996, orig. proceeding) (if opponent of motion to transfer venue wants to claim inadequate time to conduct discovery, it must preserve error by filing motion for continuance).

Although an erroneous ruling on a motion to transfer venue is generally reviewable on appeal, *see Cone v. Gregory*, 814 S.W.2d 413, 414–15 (Tex. App.— Houston [1st Dist.] 1991, orig. proceeding), an order granting a presuit deposition when a subsequent suit is anticipated is not an appealable order. *See In re Jorden*,

9

249 S.W.3d 416, 419 (Tex. 2008). Therefore, Velvin has no adequate remedy by appeal under these facts.

## Conclusion

Accordingly, we conditionally grant Velvin's petition for writ of mandamus and direct the trial court to: (1) vacate its May 17, 2017 order denying Velvin's motion for leave, and (2) set Velvin's motion to transfer venue for a hearing and rule on the motion before proceeding with the Rule 202 deposition. The petition is otherwise denied because the trial court's ruling on the merits before determining the venue issue was premature. We are confident the trial court will comply with this opinion and the writ will issue only if it does not. *See* TEX. R. APP. P. 52.8.

## PER CURIAM

Panel consists of Justices Keyes, Brown, and Lloyd.