**In the Interest of C.A.S., A Minor Child.**

No. 05–02–01176–CV.

Court of Appeals of Texas, Dallas.

March 18, 2003.

Rehearing Overruled July 14, 2003.

Rodney R. Elkins, Law Office of Rodney R. Elkins, Dallas, for Appellant.

Reyburn Anderson, Andersons, Attorneys & Counselors at Law, Jeffrey Owen Anderson, Dallas, for Appellee.

Before Justices WRIGHT, BRIDGES, and O'NEILL.

## OPINION

Opinion by Justice O'NEILL.

This case concerns the issue of finality, for appellate purposes, of an order generally dismissing a case in response to a motion for nonsuit. We conclude that the order (1) was final, affording this Court jurisdiction over this appeal and (2) rendered void all of the trial court's subsequent orders in the case. We further conclude that the trial court properly dismissed any conditional claims for affirmative relief.

### Facts

The pertinent facts are undisputed. After Alicia Gurn and Benjamin Stark were divorced, Gurn filed, on May 19, 2000, a petition seeking child support and modification of the terms concerning possession of their minor child. Stark's amended answer sought reimbursement for payment of health insurance premiums and for attorney's fees incurred in defending against the suit. In December 2001, the case was set for trial on March 25, 2002.

In January 2002, Gurn filed a "Notice of Nonsuit" (the Notice). The record indicates that Stark did not receive notice of Gurn's intent to nonsuit. The Notice stated that Gurn no longer desired to prosecute the suit, stating also that "Respondent has no pleadings on file seeking affirmative relief from Alicia Gurn." On January 8, 2002, a visiting judge signed the "Order Granting Nonsuit" (the Nonsuit Order) that "ORDERS this case dismissed." The record indicates that Gurn's attorney had the Nonsuit Order sent to Stark's attorney, by facsimile that same day and later by mail.

On March 25th, Stark appeared for trial before a visiting judge—a different judge from the one who had signed the order granting nonsuit. When Gurn did not appear, Stark presented an order for default judgment. He presented testimony to prove up his affirmative claims for the insurance premiums as well as $24,464.67 for attorney's fees. The visiting judge signed the order at the end of the hearing. Thereafter, Gurn filed a motion for new trial concerning the March 25th default judgment, which was eventually granted. Stark brought this restricted appeal concerning the ex parte Nonsuit Order, asserting that it had no effect on his claims for affirmative relief.

### Standard and Scope of Review

■ A restricted appeal (1) must be brought within six months of the date of judgment, (2) must be by a party to the suit who did not participate in the trial, and (3) the asserted error must be apparent from the face of the record. TEX. R.APP. P. 26.1(c); 30. *Norman Communications v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex.1997). The appellant obtains the same scope of review as in an ordinary

appeal, which includes a review of the entire case. *Id.* The face of the record consists of all the papers on file in the appeal, including the statement of facts. *Id.* We deemed Stark's notice of restricted appeal timely filed, and it is undisputed that Stark did not participate in the non-suit proceeding.

We review de novo the application of the law to the underlying facts. *See In re R.J.H.,* 79 S.W.3d 1, 6 (Tex.2002) (deference accorded to findings of historical fact, but trial court in no better position to decide legal issues); *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992) (trial court has no discretion in determining what the law is or in applying law to facts).

### Finality and Appellate Jurisdiction

We face a threshold question whether the order granting nonsuit was final for appellate purposes, thus affording us appellate jurisdiction. *Lehmann v. Har–Con Corp.,* 39 S.W.3d 191, 195 (Tex. 2001) (with a few mostly statutory exceptions, appeal lies only from a final judgment). A judgment is final for purposes of appeal if it disposes of all pending parties and claims [1] in the record, except as necessary to carry out the decree. *Id.*

### The Parties' Arguments

Stark argues that the order does not dispose of his claims. Under rule 162 of the rules of civil procedure, any dismissal pursuant to a nonsuit "shall not prejudice" his right to pursue his pending claims for affirmative relief. Thus, Stark argues, any attempt to dismiss his affirmative claims was void. In the alternative, Stark argues that if the Nonsuit Order is read to dismiss his affirmative claims, it was reversible error under rule 162.

Gurn contends that the January 8th Nonsuit Order effectively dismissed all claims, including Stark's claims for affirmative relief. Thus, the trial court lost plenary jurisdiction thirty days after the Nonsuit Order was signed, on February 7th.[2] Therefore, she argues, the trial court's actions after that date were void, including the March 25th default judgment awarding Stark payment on his affirmative claims.

### Legal Principles

When there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties. *Lehmann,* 39 S.W.3d at 205. To determine whether an order disposes of all pending claims and parties, it may be necessary for the appellate court to look to the record in the case. *Id.* at 205–06.

### Application

We look to the pertinent documents in the record to ascertain whether the Nonsuit Order disposed of all claims in the suit. Stark's First Amended Answer, filed in July 2001, requests reimbursement of insurance premiums and recovery of attor-

---

1. This is a suit affecting the parent-child relationship (SAPCR) that seeks modification of an earlier SAPCR order. While any modifications made by the trial court may alter the effect of the initial SAPCR provisions, the original decree remains final and a new final order results from the modification proceeding. *Bilyeu v. Bilyeu,* 86 S.W.3d 278, 280 (Tex.App.-Austin 2002, no pet.).

2. Civil-procedure rule 329b(d) states, "A trial court has plenary power to grant a new trial or to vacate, modify, correct, or reform a judgment within thirty days after the judgment is signed." TEX.R. CIV. P. 329b(d).

ney's fees incurred in the suit. Gurn's "Notice of Nonsuit," filed January 8, 2002, states,

> This Notice of Nonsuit is brought by Alicia Gurn (formerly Alicia Stark) Movant and Petitioner in this cause. In support, Movant shows:
>
> Alicia Gurn no longer desires to prosecute this suit against Respondent, and Respondent has no pleading on file seeking affirmative relief from Alicia Gurn.

The Nonsuit Order, signed January 8, 2002, states in its entirety,

> On ____the Court received the Notice of Nonsuit of Alicia Gurn (formerly Alicia Stark) and ORDERS this case dismissed without prejudice to Alicia Stark's right to refile it. All costs incurred are taxed against the party incurring same.

On its face, the Nonsuit Order dismisses "this case." The underlying Notice of Nonsuit specifically addresses the issue of pending claims for affirmative relief, albeit mistakenly according to Stark. We conclude that the Nonsuit Order, by its own terms and reasonably read in the context in which it was granted, dismissed all claims by both parties.

 In so holding, we reject Stark's argument that any judgment dismissing the affirmative claims was "void" because it allegedly violated civil-procedure rule 162. "A judgment is void only when it is apparent that the court rendering the judgment had no jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction to enter the judgment, or no capacity to act as a court." *Cook v. Cameron,* 733 S.W.2d 137, 140 (Tex.1987) (citation omitted). Circumstances making

a judgment void are rare, and the mere fact that an action by a court is "contrary to a statute, constitutional provision or rule of civil or appellate procedure makes it 'voidable' or erroneous," and thus subject to ordinary appellate or other direct procedures to correct it. *Mapco, Inc. v. Forrest,* 795 S.W.2d 700, 703 (Tex.1990). *See Lehmann,* 39 S.W.3d at 200 (trial-court judgment not interlocutory merely because its rendition is improper or record does not afford legal basis for adjudication of claim).

Thus, we conclude that the January 8th Nonsuit Order dismissed all claims of both parties, and the trial court's plenary jurisdiction expired thirty days after the Nonsuit Order was signed, on February 7, 2002. Tex.R. Civ. P. 329b(d).[3] Accordingly, the following subsequent orders of the trial court are null: Judgment, signed March 25, 2002; Order Denying Gurn's Motion for New Trial, ostensibly signed May 7, 2002; Order Nunc Pro Tunc, signed July 3, 2002 (correcting date of Order Denying Gurn's Motion for New Trial to June 7, 2002); Order Granting New Trial, signed July 3, 2002; and Order, entered July 12, 2002, granting attorney's fees in the amount of $8,000.

## Dismissal of Claims for Affirmative Relief

 We turn to the issue whether the trial court erred in dismissing Stark's claims. Rule 162 prohibits a plaintiff's nonsuit from prejudicing "the right of an adverse party to be heard on a pending claim for affirmative relief." Tex.R. Civ. P. 162.[4] To qualify as a claim for affirmative

---

3. Stark did not file a motion for new trial, which would have extended the period of the trial court's plenary jurisdiction. Tex.R. Civ. P. 329b(a), (e).

4. Rule 162 states in pertinent part:

> Any dismissal pursuant to this rule shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief or excuse the payment of all costs taxed by the clerk. A dismissal under this rule shall have no effect on any motion for

relief, the defendant must allege a cause of action, independent of the plaintiff's claim, on which he could recover compensation or relief even if the plaintiff abandons or fails to establish his cause of action. *Gen. Land Office v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 570 (Tex.1990). An affirmative claim, stated in an answer, for recovery of attorney's fees for preparation and prosecution of a defense constitutes a counterclaim. *J.C. Hadsell & Co. v. Allstate Ins. Co.*, 516 S.W.2d 211, 213–14 (Tex.Civ.App.-Texarkana 1974, writ dism'd). A mandatory fee of $15 for filing a counterclaim is due at the time of filing. TEX. GOV'T CODE ANN. § 51.317(b)(2) (Vernon 1998).

Stark's claims for payment of insurance premiums and attorney's fees qualify as claims for "affirmative relief." They also constitute "counterclaims" that are subject to the payment of the mandatory filing fee. The record indicates that Stark did not pay the required filing fee.

 The supreme court has determined that a document is "conditionally filed" when tendered to the clerk, but that the filing is completed only when the filing fee is paid. *Jamar v. Patterson*, 868 S.W.2d 318, 319 (Tex.1993) (date of conditional filing controls for appellate timetable). "The filing is not completed until the fee is paid, and absent emergency or other rare circumstances, the court should not consider it before then." *Id.* at 319 n. 3. *See Tate v. E.I. DuPont de Nemours & Co.*, 934 S.W.2d 83, 84 (Tex.1996) (failure to pay fee before motion is overruled by law may forfeit movant's opportunity to have trial court consider motion).

At the time the trial court dismissed the claims, they were merely "conditional"

sanctions, attorney's fees or other costs, pending at the time of dismissal, as determined by the court.

awaiting payment of the fee. Thus, by failing to file the required fee to support his counterclaims, Stark did not complete the filing of those claims and had no unconditional right to be heard on those claims. Accordingly, we cannot conclude that the trial court erred in dismissing Stark's conditional claims for affirmative relief.

We stress that our holding is not grounded in a formalistic adherence to rules concerning payment of filing fees. As a practical matter, the notation of a paid fee on the computerized case file record or on the clerk's docket-and-fee report can alert the trial judge (or visiting judges as in today's case) that a counterclaim or cross-claim is pending. Payment of the fee thus aids the court in avoiding an erroneous dismissal of an adverse party's claim. Failing that, the aggrieved party has recourse to correct such errors through a motion to modify judgment or a motion for new trial.

Accordingly, we **AFFIRM** the trial court's Order Granting Nonsuit, which dismissed the matter begun by Gurn's petition to modify the parent-child relationship, filed May 19, 2000.

TEX.R. CIV. P. 162.