**Dismissed and Opinion filed October 27, 2011.**



In The

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 𝔆𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

———————————

## NO. 14-10-00399-CV

———————————

### JERRY ALFRED FUTCH, JR., Appellant

### V.

### RELIANT SOURCES, INC., (NKA RRI ENERGY, INC.), RELIANT ENERGY SERVICES, INC. (NKA RRI ENERGY SERVICES, INC.) BAKER BOTTS, L.L.P., SIDLEY AURTIN, L.L.P., AND RELIANY ENERGY, INC., Appellee

---

**On Appeal from the 61st District Court
Harris County, Texas
Trial Court Cause No. 2008-57943**

---

## OPINION

Appellant, Jerry Alfred Futch, Jr., ("Futch"), appeals the trial court's grant of summary judgment in favor of appellee Baker Botts, L.L.P. ("Baker Botts"). Because this Court is without jurisdiction, we dismiss the appeal. *See* Tex. R. App. P. 42.3(a).

### FACTUAL AND PROCEDURAL BACKGROUND

In October 2008, Futch filed a lawsuit against Reliant Resources, Inc., Reliant

Energy Services, Inc., Baker Botts, L.L.P., and Sidley Austin, L.L.P.[1]   Only Baker Botts is a party to this appeal.   Futch's original petition asserted two claims against Baker Botts—breach of fiduciary duty and fraud by nondisclosure.   On August 14, 2009, Baker Botts filed a Motion for Summary Judgment ("Motion") "on all claims brought" by Futch. On October 21, 2009, Futch filed his first amended petition and added a breach of contract claim against Baker Botts.   Additionally, the amended petition dropped the fraud by nondisclosure claim.   That same day, Futch also filed his Response to the Motion ("Response").   Futch specifically referred to the breach of contract claim in the Response, arguing that the precedent cited in the Motion did not bar his claims for breach of contract or breach of fiduciary duty. On October 22, 2009, Baker Botts filed its Reply in Support of Summary Judgment ("Reply").   The Reply addressed Futch's breach of contract claim and asked that the trial court "render a judgment that Plaintiff Futch take nothing in this suit …."

On February 8, 2010, the trial court filed an order entitled "ORDER ON DEFENDANTS BAKER BOTTS LLP'S AND SIDLEY AUSTIN LLP'S <u>MOTION FOR SUMMARY JUDGMENT</u>" ("Order"). In the dispositive portions, the Order stated: "Defendants Baker Botts LLP and Sidley Austin LLP ("Defendants") filed their Motion for Summary Judgment ("Motion").   Plaintiff Alfred A. Futch ("Plaintiff") filed its Response.   After considering Defendants' Motion and Plaintiff's Response, the Court hereby: **GRANTS** Defendants' Motion in its entirety."

## DISCUSSION

While neither party argues the Order issued was interlocutory, this issue must be addressed *sua sponte* because it raises a question of this Court's jurisdiction.   *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004).

---

[1] Futch non-suited all of the defendants except Baker Botts.

Generally, an appeal may only be taken from a final judgment. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). "[W]hen there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it *actually* disposes of every pending claim and party or unless it *clearly and unequivocally* states that it finally disposes of all claims and all parties." *Id.* at 205 (emphasis added). A determination of whether a judicial decree is a final judgment must be done by looking at the language of the decree and the record in the case. *Id.* at 195. "A judgment that finally disposes of all remaining parties and claims, based on the record in the case, is final, regardless of its language." *Id.* at 200. If the language of an order expressly disposes of all claims and all parties, then it is final—even if it should have been interlocutory. *Id.* However, the intent to finally dispose of the case must be *unequivocally expressed* in the words of the order itself. *Id.* If that intent is clear from the order, then the order is final and appealable. *Id.* This is true even though the record does not provide an adequate basis for rendition of judgment. *Id.* In explaining this concept, the Texas Supreme Court gave an illustrative example:

> [A]n order granting a motion for summary judgment that addressed all of the plaintiff's claims when it was filed but did not address claims timely added by amendment after the motion was filed may state unequivocally that final judgment is rendered that the plaintiff take nothing by his suit. Granting more relief than the movant is entitled to makes the order reversible, but not interlocutory.

*Id.* at 204.

In *Continental Airlines, Inc. v. Kiefer*, the Texas Supreme Court dealt with a judgment and facts very similar to the one presented in this appeal. *See Continental Airlines, Inc. v. Kiefer*, 920 S.W.2d 274 (Tex. 1996). In *Kiefer*, the plaintiffs sued Continental for negligence. *Id.* at 276. Continental moved for summary judgment on "all claims brought by" the plaintiffs based on preemption. *Id.* Before the trial court addressed Continental's motion for summary judgment, the plaintiffs amended their pleadings to add two new causes of action: an implied cause of action under the ADA, and

3

a federal common-law negligence action. *Id.* The trial court granted Continental's motion for summary judgment "after examining the pleadings." *Id.* The judgment was entitled: "FINAL SUMMARY JUDGMENT" and stated that "the *cause of action* is dismissed as being preempted." *Id.* at 277 (emphasis added).

Based on the above facts, the Texas Supreme Court held that the judgment issued by the trial court was final. *Id.* In making its determination, the Court looked to the intention of the trial court, the record as a whole, and the conduct of the parties. *Id.* The Court found that the language used in Continental's motion, "all claims brought by," was sufficient to dispose of all of the claims filed by the plaintiffs, even those claims first asserted after Continental's motion was filed. *Id.* at 276. The Court also found the title of the judgment, "FINAL SUMMARY JUDGMENT," supported the conclusion that the judgment was final. *Id.* at 277. The Court stated:

> In the circumstances described here, we think the district court intended to render a final, appealable judgment. The court's rejection of the [plaintiffs'] arguments that the federal claims should be treated differently favors this conclusion. Neither the parties nor the court of appeals have suggested that the judgment was not final.

*Id.*

In its discussion of the facts, the Court noted that the grounds in Continental's motion did not entitle it to summary judgment on the later filed claims. *Id.* at 276. Additionally, the judgment stated "the cause of action is dismissed," singular instead of plural. *Id.* at 277. Both of these facts raised the issue of whether the trial court ever considered the plaintiffs' additional claims when it rendered the judgment. *Id.* at 276 ("[i]f the [trial] court held the [plaintiffs'] federal claims to be preempted, it plainly erred; but if the court simply did not consider the federal claims, then the summary judgment was not final and appealable."). Ultimately the Court found that the trial court did not overlook the additional claims in rendering the judgment because the plaintiffs specifically pointed them out in their response to the motion for summary judgment and in their motion

4

for new trial. *Id*. at 277.

While *Kiefer* is similar to the appeal before this Court, it is distinguishable. First, the Order issued by the trial court does not indicate finality anywhere on its face. Instead of being titled "FINAL SUMMARY JUDGMENT," or using some other language to indicate finality, the Order is entitled "ORDER ON DEFENDANTS … MOTION FOR SUMMARY JUDGMENT." Additionally, instead of dismissing or disposing of all claims as the judgment did in *Kiefer*, the Order granted the "Motion in its entirety." While a particular title is not dispositive nor is particular language required, it is an indication of the intent of the trial court in issuing the Order. *See Lehmann*, 39 S.W.3d at 206; *Kiefer*, 920 S.W.2d at 277. We cannot say the title and language used in the Order indicated unequivocally the intention that the case be finally disposed. *See Lehmann*, 39 S.W.3d at 195. Nor can we say the language used in the Order expressly disposed of all the claims or parties. *See id*. Furthermore, at the time the Order was entered it did not dispose of all claims and parties. Futch later non-suited his remaining claims against all of the defendants, except for those against Baker Botts.

Second, in the Order the trial court indicated it only looked to the Motion and Response. In *Kiefer*, the judgment indicated it was issued after examining the pleadings, which could have included the pleading which added the new claim. Here, the Motion did not address the breach of contract claim, nor did it specifically address any grounds for dismissing that claim. The breach of contract claim was not addressed by Baker Botts until the Reply was filed. However, there is no indication in the Order that the Reply was ever considered by the court.[2] Since there is no indication that the trial court took the breach of contract claim into consideration in its Order, we cannot say that claim was ever actually addressed or disposed of. *See id.* at 205.

---

[2] Furthermore, the Court notes that if the trial court had disposed of Futch's breach of contract claim based solely on the Motion and the Response, such a disposition would make the Order final but reversible on the basis that it granted more relief than the movant was entitled to. *See Lehmann*, 39 S.W.3d at 204 ("Granting more relief than the movant is entitled to makes the order reversible, but not interlocutory.").

5

Without any indication of the finality of the Order, or recognition that the trial court considered the breach of contract claim, this Court is constrained to find that the Order issued is not a final judgment because it did not dispose of all claims. *See id.* at 200.

## CONCLUSION

Because this Court is without jurisdiction, we dismiss the appeal in its entirety.


/s/    John S. Anderson
           Justice


Panel consists of Justices Anderson, Seymore, McCally.