Opinion issued May 17, 2012.


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00963-CV

———————————

Linda Kujawa, Appellant

V.

myrta kujawa, Appellee



 



 

On Appeal from the 61st District Court 

Harris County, Texas



Trial Court Case No. 2010-28732

 



MEMORANDUM OPINION

Linda Kujawa
appeals from the trial court’s order granting summary judgment in favor of Myrta Kujawa on Linda’s adverse
possession and prescriptive easement claims. Because we conclude that the
summary judgment order is not a final and appealable judgment, we dismiss this
appeal for lack of jurisdiction.

Background

          Linda and Myrta
are neighbors and relatives-by-marriage. Linda purchased the home next door to Myrta after the passing of the home’s previous owner, Linda’s
aunt and Myrta’s sister-in-law. The home’s roof, air
conditioning unit, and window awning encroach onto Myrta’s
property.[1]
Linda filed suit against Myrta for adverse possession
and prescriptive easement over the approximately two-foot strip of Myrta’s property on which the home encroaches. Myrta filed a counterclaim for trespass to try title, but she
failed to pay the filing fee. 

          After discovery, Myrta
moved for no-evidence summary judgment. The summary judgment motion addressed
Linda’s claims against Myrta but not Myrta’s counterclaim. Linda filed an untimely response to Myrta’s summary judgment motion. The trial court granted Myrta’s motion for summary judgment, stating that it had
considered both Myrta’s motion and Linda’s “untimely
response.”

          Myrta later
moved to modify the summary judgment order, asking the trial court to make the
judgment a partial summary judgment so that she could pay the filing fee and
prosecute her counterclaim. Linda objected to the motion to modify and moved
for reconsideration of the summary judgment, for a new trial, and for leave to
file evidence out of time.[2]
The trial court denied Linda’s motions and did not rule on Myrta’s
motion to modify. Linda appealed.

Jurisdiction

In her first issue, Linda challenges this court’s
jurisdiction to hear her appeal, asserting that the order from which she
appeals is not a final, appealable judgment. A trial court’s summary judgment
order is final and appealable if it actually or expressly disposes of all
parties and claims in the suit. See
Lehmann v. Har-Con Corp., 39 S.W.3d 191, 200
(Tex. 2001) (holding that summary judgment order is final judgment if it
actually disposes of all parties and claims or if it expressly states that it
“finally disposes of all parties and all claims and is appealable”). If the
order does not actually dispose of all parties and claims or expressly state
that it disposes of all parties and claims, it is interlocutory. See id. Absent certain statutory authorization
not asserted here, this Court lacks jurisdiction over appeals from
interlocutory orders. See id. at 195 & n.12.

          Linda asserts that the trial court’s
summary judgment order is not a final judgment because it does not address Myrta’s counterclaim. In the trial court, Linda initially
asserted that the trial court’s summary judgment order was final, resulting in
the forfeiture of Myrta’s counterclaim.[3]
On appeal, Linda asserts that Myrta’s counterclaim
was properly before the trial court, such that the trial court’s failure to
address the counterclaim renders the judgment interlocutory. Myrta responds that a pleading filed without payment of the
filing fee is “conditionally filed.” Therefore, she contends, her counterclaim
was not before the trial court, and the trial court’s judgment disposes of all
claims properly before the court.

A.      The trial court
had discretion to consider or not consider Myrta’s
counterclaim

 

In Tate v. E.I. DuPont
de Nemours & Co., Inc., a party filed a timely motion for new trial but
did not pay the filing fee for the motion until after it was overruled by
operation of law, though payment was made within the trial court’s plenary
power. 934 S.W.2d 83, 83 (Tex. 1996). Concluding that the
motion was “conditionally filed when [the party] presented it to the clerk, and
the filing became complete when she later paid the filing fee,” the Texas
Supreme Court held that the motion validly extended the deadline for filing an
appeal. See id. at 84 (“Accordingly,
the failure to pay the fee before the motion is overruled by operation of law
may forfeit altogether the movant’s opportunity to have the trial court
consider the motion; it does not, however, retroactively invalidate the
conditional filing for purposes of the appellate timetable.”). More recently,
the Texas Supreme Court has extended this holding to circumstances in which the
filing fee for a motion for new trial was never paid. Garcia v. Garcia, 137 S.W.3d 36, 38 (Tex. 2004). In both cases, the
Court noted that, absent emergency or other rare circumstances, the trial court
should not consider the motion for new trial until the filing fee is paid. Garcia, 137 S.W.3d at
38; Tate, 934 S.W.2d at 84.
And in Garcia, the Court held that,
because the motion for new trial was never properly before the trial court, the
motion failed to preserve any error for appeal. Garcia, 137 S.W.3d at 38 (“Garcia’s factual sufficiency complaint
had to be raised in a motion for new trial, but because she never paid the $15
fee, the trial court was not required to review it. As her complaint was never
properly made to the trial court, it preserved nothing for review”). A trial
court has the authority to act on motions filed without payment of the filing
fee but need not do so. See Garcia, 137 S.W.3d at 38; Tate,
934 S.W.2d at 84.

This Court has held that a trial court has jurisdiction over
claims that were filed in the trial court without payment of a filing fee. Tanner v. Axelrad,
680 S.W.2d 851, 853 (Tex. App.—Houston [1st Dist.] 1984, writ dism’d) (holding that failure to pay filing fee did not
affect trial court’s jurisdiction and noting that, although clerk of court was
authorized to refuse to accept case for filing if fee was not paid, “[i]f the clerk accepts and files the case without payment of
the fee, the duty to collect the fee continues”). Other courts of appeals have
also noted that “the payment of a filing fee ‘is not generally a prerequisite
to jurisdiction, nor does the failure to pay such fees deprive the trial court
of jurisdiction over a case.’” Nolte v. Flournoy,
348 S.W.3d 262, 268 (Tex. App.—Texarkana 2011, pet. denied) (quoting J.
Allen Family Partners, Ltd. v. Swain, No. 04–09–00384–CV, 2010 WL 2103228,
at *3 (Tex. App.—San Antonio May 26, 2010, no pet.) (mem. op.) and citing Kvanvig v. Garcia, 928 S.W.2d 777, 779 (Tex. App.—Corpus Christi 1996, no writ));
Tanner, 680 S.W.2d at 853; Advance
Imps., Inc. v. Gibson Prods. Co.,
533 S.W.2d 168, 169–70 (Tex. Civ. App.—Dallas 1976, no writ)). 

In J. Allen Family
Partners, the San Antonio Court of Appeals addressed an argument similar to
Linda’s argument here, except that the trial court in that case expressly ruled
on the counterclaims filed without payment of the fee. The trial court entered
an award in favor of the defendant on his counterclaim for attorney’s fees after
it had entered an order of nonsuit on the plaintiffs’ claims against the
defendant. J. Allen Family Partners, 2010 WL 2103228,
at *1. The plaintiffs argued that the trial court lacked jurisdiction to
award attorney’s fees because the defendant failed to pay the filing fee for
their counterclaims; thus, they argued, the defendant’s counterclaim was not
before the court and the trial court’s order of nonsuit was a final judgment. Id. at *1, *3. The
San Antonio Court of Appeals rejected the plaintiffs’ argument, concluding that
the defendant “did not have an unconditional right to have the counterclaim
heard if the fee was not paid, but the trial court had jurisdiction to consider
and rule on the claim.” Id.
at *3.

The Texarkana Court of Appeals reached the same conclusion
in Nolte, when a trial court entered
judgment in favor of a defendant on his counterclaim for attorney’s fees after
the plaintiff filed a notice of nonsuit. Nolte, 348 S.W.3d at 268 (“even
though a defendant does not have an unconditional right to be heard on
counterclaims absent the payment of a filing fee, a trial court may, in its
discretion, consider such counterclaims without payment of the statutory filing
fee.”). Thus, courts of appeals generally have held that a trial court has
jurisdiction over, and discretion to hear, claims that are conditionally before
it—i.e., claims filed without payment of a filing fee. See Nolte, 348
S.W.3d at 268; Tanner, 680 S.W.2d at
853; J. Allen Family Partners, 2010 WL 2103228, at *3; see also Rodriguez v. Womack, No. 14-10-01213-CV, 2012 WL 19659, at
*2–4 (Tex. App.—Houston [14th Dist.] Jan. 5, 2012, no pet.) (considering
counterclaim in determining whether amount in controversy was within court’s
jurisdiction even though defendant had not paid filing fee for counterclaim).

The Dallas Court of Appeals has also held that a trial court
has discretion not to hear claims for which the party did not pay a filing fee.
In re C.A.S., 128 S.W.3d
681, 685–686 (Tex. App.—Dallas 2003, no pet.). In C.A.S., the trial court entered an order dismissing the case after the
plaintiff filed a notice of nonsuit. Id.
The defendant argued that the trial court’s order was erroneous because he had
filed a counterclaim for affirmative relief. Id. The Dallas court rejected this argument because the defendant
had not paid the filing fee for his counterclaim. Id. It observed that, because the defendant had not paid the filing
fee, his claims were conditionally filed, and he “had no unconditional right to
be heard on those claims.” Id. at
686. 

In sum, if Myrta’s motion for
summary judgment was meritorious, the trial court would have been within its
discretion to enter a final judgment disposing of the case without considering Myrta’s counterclaim or to enter an interlocutory order disposing
of Linda’s claims only. We turn to the record to determine how the trial court
exercised its discretion.

B.      The record does
not establish whether the trial court intended to exercise its discretionary
authority over Myrta’s counterclaim

 

          The trial court’s summary judgment
order is entitled “Order.” It does not state that it is final, contain any
reference to finality or appealability, or employ the
kind of customary finality language that will dispose of all claims and parties
regardless of whether all issues are properly before the trial court on summary
judgment. See, e.g., Bison Bldg.
Materials, Ltd. v. Aldridge, No. 06-1084, 2012 WL 1370859, at *3 (Tex. Apr.
20, 2012) (“The order is not final because it does not contain finality
language, state that it is a final order, or dispose of all claims and parties.”);
Lehmann, 39 S.W.3d at 206 (noting
that statement that judgment “finally disposes of all parties and all claims
and is appealable” would dispose of all claims, even those not raised in
summary judgment motions). It does not reference Myrta’s
counterclaim, nor indicate that the court considered any relief other than that
sought in Myrta’s motion for summary judgment. The
order specifically identifies the filings the court considered as Myrta’s motion and Linda’s response, and it orders only
that Myrta’s summary judgment motion “is in all
things GRANTED.” Myrta’s summary judgment motion
requests judgment on Linda’s claims against her but does not request relief on Myrta’s counterclaim. Thus, the trial court’s summary
judgment order actually and expressly disposes only of Linda’s claims against Myrta—the only claims upon which Myrta
requested relief. See Bison Bldg. Materials, 2012 WL 1370859, at *3; Lehmann, 39 S.W.3d at 206; see also Futch v.
Reliant Sources, Inc., 351 S.W.3d 929, 932–33 (Tex. App.—Houston [14th
Dist.] 2011, no pet.) (holding that summary judgment order was not final when
it was titled only as order on motion for summary judgment, expressly granted
only “Motion in its entirety,” and did not actually dispose of all claims). 

          Nor is there any indication elsewhere
in the record as to the trial court’s intentions, if any, with respect to Myrta’s counterclaim. The trial court did not enter an
order on Myrta’s motion to modify the summary
judgment order. The trial court’s denial of Linda’s motions is equally
consistent with an interlocutory or final summary judgment order. Although the
parties make representations about hearings on these motions before the trial
court, they did not file a reporter’s record in this appeal. We therefore have
no record of what happened at the trial hearings. We generally may not consider
events outside of the record. See Sabine
Offshore Serv., Inc. v. City of Port Arthur, 595 S.W.2d 840, 841 (Tex.
1979); Bencon Mgmt. & Gen. Contracting,
Inc. v. Boyer, Inc., 178 S.W.3d 198, 210 (Tex. App.—Houston [14th Dist.]
2005, no pet.)

Finally, it appears that the reason that the parties began
treating the trial court’s summary judgment order as a final judgment in the
first place is an entry on the trial court’s docket sheet indicating that a “Final
Summary Judgment [was] Signed” by the trial court on the date of the order.
This Court will not ordinarily rely on docket entries, and there is no basis
here for concluding that the docket entry’s designation of the order as “Final”
reflects the intentions of the trial court. See
Daniel v. Falcon Interest Realty Corp.,
190 S.W.3d 177, 188 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (quoting Rush
v. Barrios, 56 S.W.3d 88, 95–96 (Tex. App.—Houston [14th Dist.] 2001, pet.
denied) for the proposition that “an ‘appellate court may not consider docket
entries since they are only made for the clerk’s convenience and are usually
unreliable’”); see also Miller v. Kendall, 804 S.W.2d 933, 944 (Tex. App.—Houston
[1st Dist.] 1990, no writ) (“Generally, a docket entry forms no part of the
record we may consider; it is a memorandum made for the trial court and clerk’s
convenience. This rule results, in part, from the inherent unreliability of
docket entries.”) (citations omitted).

          We hold that the trial court’s summary
judgment order is not a final opinion. We therefore lack jurisdiction over the
merits of this appeal. See Bison Bldg. Materials, 2012 WL
1370859, at *3; Lehmann, 39 S.W.3d at
206.

Conclusion

We dismiss this appeal for lack of
jurisdiction.

 

 

                                                                   Harvey
Brown

                                                                   Justice


 

Panel
consists of Justices Bland, Massengale, and Brown.

 











[1]           According
to Myrta’s pleadings, the parties discovered the
encroachment when, shortly after Linda purchased the neighboring property, Myrta obtained a survey of her property for the purpose of
installing a new fence.





[2]           Linda
asserted that an efiling error had occurred with respect
to her (untimely) summary judgment response, asking the trial court to
reconsider in light of the response she had intended to file.





[3]           Linda
later asserted that the trial court’s summary judgment was interlocutory as an
alternative ground for her argument that the trial court should grant her
motion for new trial and for leave to file late evidence.