**Dismissed and Memorandum Opinion filed October 18, 2018.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-17-00496-CV

---

### MARILYN MCCOLLOM, Appellant

### V.

### NEWCOR VENTURES, INC. AND PHILLIP DWIGHT NEWTON, Appellees

---

**On Appeal from the 189th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2017-06840**

---

## M E M O R A N D U M   O P I N I O N

Marilyn McCollom appeals the summary judgment granted in favor of Newcor Ventures, Inc. and Phillip Dwight Newton on claims arising out of the alleged wrongful foreclosure of property in Shoreacres, Texas. McCollom also complains that the trial court erred in dissolving its temporary injunction and expunging her lis pendens. This court notified the parties that the judgment is not final and appealable and requested a response showing that we have jurisdiction over

the appeal. *See* Tex. R. App. P. 42.3(a). McCollom filed a response referring the court to the May 26, 2017 order granting summary judgment. For the reasons stated below, we dismiss this interlocutory appeal in its entirety for lack of jurisdiction.

*Background*

The trial court granted McCollom's request for a temporary injunction and ordered Newcor and Newton to cease any foreclosure activities against her. Newcor and Newton counterclaimed for (1) trespass to try title; (2) a declaratory judgment that Newcor's equitable judicial lien is superior to any homestead claim and McCollom has no interest in the property; (3) foreclosure of a judicial lien; (4) common law fraud and fraud in a real estate transaction; and (5) attorney's fees.

Newcor and Newton filed a motion for summary judgment on some of McCollom's claims, arguing (1) Newcor is the titled owner of the property; (2) Newcor is subrogated to the bank's purchase money lien that is superior to any homestead lien McCollom might assert; (3) the foreclosure sale was proper; and (4) Newton was acting as a corporate agent during the transaction and has no individual liability for any claims. The trial judge granted summary judgment and dissolved the temporary injunction. Apparently, in a separate order, the trial judge expunged the lis pendens McCollom had filed on the property.[1] Neither Newcor and Newton nor McCollom moved for summary judgment on Newcor's and Newton's counterclaims against McCollom.

McCollom filed a motion to reconsider the summary judgment or alternatively a motion for new trial. There is no order in the record ruling on the motion. McCollom also requested findings of fact and conclusions of law, but the trial court did not issue findings or conclusions.

---

[1] The record does not contain the order expunging the lis pendens.

2

In this appeal, McCollom claims that the trial court erred in granting the summary judgment, dissolving the temporary injunction, and expunging her lis pendens.

*Finality of Judgment*

As an initial matter, we must determine whether we have jurisdiction over McCollom's appeal from the order granting summary judgment. *See In re Lazy W Dist. No. 1*, 493 S.W.3d 538, 544 (Tex. 2016) (orig. proceeding) ("Courts *always* have jurisdiction to determine their own jurisdiction." (quoting *Houston Mun. Emp. Pension Sys. v. Ferrell*, 248 S.W.3d 151, 158 (Tex. 2007))). If we conclude that we lack jurisdiction over an appeal, we must dismiss the appeal. *Spates v. Office of Att'y Gen.*, 485 S.W.3d 546, 550 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

Unless specifically authorized by statute, Texas appellate courts have jurisdiction only to review final judgments. *McFadin v. Broadway Coffeehouse LLC*, 539 S.W.3d 278, 283 (Tex. 2018). A judgment is final for purposes of appeal if it disposes of all pending parties and claims or it states with unmistakable clarity that it is a final judgment as to all claims and all parties. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192–93 (Tex. 2001).

"[I]f the language of the order is clear and unequivocal, it must be given effect despite any other indications that one or more parties did not intend for the judgment to be final." *Id.* at 206. When an appellate court reviews an order or judgment that contains a finality phrase, the court cannot look at the record, but instead, must take the order at face value. *In re Elizondo*, 544 S.W.3d 824, 829 (Tex. 2018) (per curiam). "A statement like, 'This judgment finally disposes of all parties and all claims and is appealable,' would leave no doubt about the court's intention."

3

*Lehmann*, 39 S.W.3d at 206.[2] "To determine whether an order disposes of all pending claims and parties, it may of course be necessary for the appellate court to look to the record in the case." *Id.* at 205–06.

The order at issue here is entitled, "Order Granting Summary Judgment," and it provides:

> On this day came on to be considered Defendants' Motion for Summary Judgment, and the Court is of the opinion this Motion should be granted. It is therefor
>
> ORDERED that's [sic] Defendants' Motion for Summary Judgment is GRANTED. It is further
>
> ORDERED, ADJUDGED AND DECREED that all relief requested by Plaintiff is DENIED, and Plaintiff take nothing by this suit. It is further
>
> ORDERED, ADJUDGED AND DECREED that the Temporary Injunction in this case is DISSOLVED.

The order does not mention Newcor's and Newton's counterclaims but instead addresses only McCollom's claims. The trial court did not include in the order a "finality phrase" or any other clear and unequivocal language demonstrating that the order is a final judgment as to all claims and all parties. Thus, we look to the record.

As observed above, the record shows that Newcor and Newton filed counterclaims for (1) trespass to try title; (2) a declaratory judgment that Newcor's equitable judicial lien is superior to any homestead claim and McCollom has no interest in the property; (3) foreclosure of judicial lien; (4) common law fraud and

---

[2] *See also Elizondo*, 544 S.W.3d (holding that order's finality phrase—"This judgment is final, disposes of all claims and all parties, and is appealable"—was clear and unambiguous, rendering the order final for purposes of appeal); *In re Daredia*, 317 S.W.3d 247, 248–49 (Tex. 2010) (orig. proceeding) (per curiam) (holding that the following language was "clear enough" to indicate finality: "All relief not expressly granted herein is denied. This judgment disposes of all parties and all claims in this cause of action and is therefore FINAL.").

fraud in a real estate transaction; and (5) attorney's fees. Neither Newcor and Newton nor McCollom sought summary judgment on Newcor's and Newton's counterclaims. Thus, in this order, the trial court did not adjudicate Newcor's and Newton's counterclaims against McCollom. *See Lehmann*, 39 S.W.3d at 205 ("An order that adjudicates only the plaintiff's claims against the defendant does not adjudicate a counterclaim[.]"). Moreover, Newcor and Newton did not move for summary judgment on McCollom's claim for fraud. *See Futch v. Reliant Sources, Inc.*, 351 S.W.3d 929, 933 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (dismissing the appeal because there was no indication that the order was final or that the trial court considered all of the plaintiff's claims). There is no statutory authority providing for an interlocutory appeal of the order granting Newcor's and Newton's motion for summary judgment. Because the order granting summary judgment did not dispose of all claims, the order is not final, and we have no jurisdiction over the appeal of this interlocutory order.

### *Temporary Injunction*

McCollom further contends that the trial court erred by dissolving the temporary injunction. The trial court granted McCollom's request for a temporary injunction "until a trial of the merits can adjudicate the claims between [McCollom] and [Newcor and Newton]," and ordered Newcor and Newton to cease any foreclosure activities against McCollom "until a full trial on the merits." By its own terms, the temporary injunction did not expire on the signing of the order granting Newcor's and Newton's summary judgment. Because the summary-judgment order is not final, the temporary injunction remains in effect.

### *Lis Pendens*

McCollom also complains that the trial court erred by expunging the lis pendens. As discussed above, there is no final judgment in this case. The order

5

dissolving the lis pendens is interlocutory and not part of a final judgment. There is no statutory authority for the appeal of an interlocutory order cancelling notices of lis pendens. *Marks v. Starratt*, No. 14-09-00269-CV, 2009 WL 1312180, at *1 (Tex. App.—Houston [14th Dist.] May 7, 2009, no pet.) (mem. op.). Therefore, we do not have jurisdiction over this interlocutory order. *See id.* (dismissing appeal from interlocutory order that canceled notices of lis pendens for lack of jurisdiction).

*Conclusion*

In the absence of a final judgment, we dismiss the appeal in its entirety for lack of jurisdiction.

/s/ Martha Hill Jamison
Justice

Panel consists of Chief Justice Frost and Justices Christopher and Jamison.