**AFFIRM in Part, REVERSE in Part, and REMAND; Opinion Filed February 20, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00288-CV

**GERALD JACKSON, JR., Appellant**
**V.**
**ALI ZAHER ENTERPRISES, LLC D/B/A PLAYTRI, Appellee**

**On Appeal from the 95th Judicial District Ct**
**Dallas County, Texas**
**Trial Court Cause No. DC-17-03371**

## MEMORANDUM OPINION

Before Justices Schenck, Reichek, and Nowell
Opinion by Justice Schenck

Gerald Jackson, Jr. appeals the trial court's (1) order dismissing his claims without prejudice after receiving Ali Zaher Enterprises, LLC d/b/a Playtri ("Playtri")'s notice of nonsuit and (2) its order denying Jackson's motion to either vacate the resulting judgment or for new trial. We affirm the part of the trial court's order dismissing Playtri's claims against Jackson, reverse the part of the trial court's order dismissing Jackson's claim for attorney's fees, and remand that issue for further proceedings consistent with this opinion. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

### BACKGROUND

Playtri is a business that provides training and related services for multi-sport athletes through coaches who associate with Playtri as employees or independent contractors. On June 20, 2013, Jackson agreed to serve as a coach for Playtri. At that time, the parties signed two separate

but related contracts: (1) an Employment Contract, including a non-compete agreement, and (2) a certification and equipment agreement that asserts itself as additional consideration for the employment contract. In December 2016, Jackson voluntarily terminated his relationship with Playtri.

On March 22, 2017, Playtri filed a petition and application for temporary restraining order and injunction, asserting a breach of contract claim and seeking a declaratory judgment against Jackson for alleged violations of the Employment Contract. The following day, the trial court signed a temporary restraining order enjoining Jackson from engaging in business that competes with Playtri within a specified geographic area and soliciting business from or attempting to sell products or services to any customer or client of Playtri. The order also set a hearing on Playtri's application for temporary injunction for the following month. Jackson filed an answer in which he asserted general and specific denials, verified pleas and denials, affirmative defenses, and a request for disclosure to Playtri. In his prayer, and without citing any claim or other theory of entitlement, Jackson included a request for his costs and reasonable and necessary attorney's fees from Playtri. After conducting a hearing, the trial court granted Playtri's application for temporary injunction and set the case for trial later in 2017. Two weeks before trial was scheduled to begin, Jackson amended his answer but did not further elaborate on his request for his attorney's fees from Playtri.

On November 29, 2017, Playtri filed a notice of nonsuit pursuant to Rule 162 of the Texas Rules of Civil Procedure in which it dismissed all of its claims, without prejudice. That same day, the trial court signed an order of dismissal, dismissing all claims without prejudice and dissolving the temporary injunction. On December 27, 2017, Jackson filed a motion to vacate the judgment

and for new trial.[1]  In that motion, Jackson urged that the order of dismissal was overly broad in dismissing "all claims," asserting that he had a pending claim for attorney's fees under either the Texas Non-Compete Act (NCA) or the Declaratory Judgment Act (DJA).  Jackson also referenced and attached a judgment in another case finding an employment contract between Playtri and another employee (which he stated was the same as the Employment Contract between himself and Playtri) to be unenforceable.  Jackson requested the trial court vacate the dismissal order or set the case for a new trial on the issue of his attorney's fees and his costs pursuant to Rule 162. On February 15, 2018, the trial court denied Jackson's motion to vacate or for new trial.

## DISCUSSION

In his first issue, Jackson urges the trial court erred in entering an order dismissing all claims when Jackson's request for attorney's fees was still pending.  On appeal, Jackson argues his claim for attorney's fees is pursuant to section 15.51(c) of the business and commerce code.

Generally, a plaintiff may dismiss a case or take a nonsuit at any time before it introduces all of its evidence.  TEX. R. CIV. P. 162.  But such a dismissal "shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief . . . ."  *Id.*  To qualify as a claim for affirmative relief, the defendant must allege a cause of action, independent of the plaintiff's claim, on which he could recover compensation or relief even if the plaintiff abandons or fails to establish his cause of action.  *In re C.A.S.*, 128 S.W.3d 681, 685–86 (Tex. App.—Dallas 2003, no pet.).  An affirmative claim, stated in an answer, for recovery of attorney's fees for preparation and prosecution of a defense constitutes a claim for affirmative relief for the purpose of Rule 162. *Id.* at 686.

---

[1] His motion also asserted that the temporary restraining order was wrongfully issued, urging the Employment Contract was never enforceable, and requested an award of damages in the amount of the bond posted in the matter.  As none of his issues on appeal address this claim, we need not discuss it further.  *See* TEX. R. APP. P. 47.4.

A general prayer for relief will not support an award of attorney's fees because it is a request for affirmative relief that must be supported by the associated pleading or pleadings. *See Alan Reuber Chevrolet, Inc. v. Grady Chevrolet, Ltd.*, 287 S.W.3d 877, 884 (Tex. App.—Dallas 2009, no pet.). However, in passing on the sufficiency of a pleading, all allegations in the adversary's pleading may be considered, and any omission in the pleading is cured when the missing substance is fairly supplied by the opponent's pleading. *See id.* An opposing party should use special exceptions to identify defects in a pleading so that they may be cured, if possible, by amendment. *Id.* When a party fails to specially except, courts should construe the pleadings liberally in favor of the pleader. *Id.* We review whether the trial court's dismissal prejudiced a party's pending claim for affirmative relief as a matter of law. *See Tex. Mut. Ins. Co. v. Ledbetter*, 251 S.W.3d 31, 38 (Tex. 2008).

We first examine whether Jackson's request for attorney's fees in his pleading constituted a claim for affirmative relief under section 15.51 of the Texas Civil Practice and Remedies Code, which provides for procedures and remedies in actions to enforce covenants not to compete. TEX. BUS. & COM. CODE ANN. § 15.51. Subsection c provides that "the court may award the promisor the costs, including reasonable attorney's fees, actually and reasonably incurred by the promisor in defending the action to enforce the covenant," but only if the promisor can establish the following: (1) the primary purpose of the agreement to which the covenant not to compete is ancillary is to obligate the promisor to render personal services, (2) the promisee knew at the time of the execution of the agreement that the covenant did not contain limitations as to time, geographical area, and scope of activity to be restrained that were reasonable and the limitations imposed a greater restraint than necessary to protect the goodwill or other business interest of the promisee, and (3) the promisee sought to enforce the covenant to a greater extent than was necessary to protect the goodwill or other business interest of the promisee. *See id.* § 15.51(c).

In *Alan Reuber Chevrolet*, this Court concluded that a defendant's general request for attorney's fees was sufficient to give the plaintiff fair notice that the defendant sought attorney's fees under an agreement where the plaintiff had already requested attorney's fees under the agreement and failed to specially except to the defendant's pleading. *See Alan Reuber Chevrolet, Inc.*, 287 S.W.3d at 885–86. Here, in his original and amended answers, Jackson included in his prayer "that Defendant recover his costs and reasonable and necessary attorneys' fees from Plaintiff." Nowhere in his pleadings did Jackson cite to the section 15.51 or any other section of the NCA, nor did he set forth any allegations regarding the enforceability of the Employment Contract. Of course, a pleading is not intended to be a novel or a schematic.

While Playtri's petition only linked its request for attorney's fees to its claims for breach of contract and declaratory judgment, citing to sections 37.009 and 38.001(8) of the civil practice and remedies code,[2] that theory already carried the prospect of a fee award to the defendant, and Playtri's petition went on to refer specifically to the NCA in its claim for breach of contract.[3] As Playtri did not specially except to Jackson's pleadings, it cannot complain of a lack of notice of the prospect of a fee award to the prevailing defendant in the face of its own pleading and the defendant's request for fees. With the exception of certain special matters not at issue here, a pleading need only provide "fair notice" of the claim and relief sought. *See Alan Reuber Chevrolet, Inc.*, 287 S.W.3d at 884. The pleader is under no obligation to provide citation to statutes, subsections of statutes, or decisions and authority applying it. *See Hines v. Foreman*, 243 S.W. 479, 484 (Tex. Comm'n App. 1922).

---

[2] *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 37.009 (providing that in DJA claims, "the court may award costs and reasonable and necessary attorney's fees as are equitable and just"), 38.001(8) (providing for recovery of attorney's fees in claim for written contract).

[3] Specifically, Playtri's petition alleged the Employment Contract met the requirements for enforcement under the NCA and, alternatively, if the trial court found the requirements of the NCA were not met, requested the trial court reform the Employment Contract and enforce it as reformed. Additionally, the NCA preempts other procedures and remedies in an action to enforce a covenant not to compete under common law or otherwise. *See* BUS. & COM. § 15.52.

–5–

In light of the foregoing, Playtri and the trial court should have been on notice that attorney's fees could be available to Jackson in Playtri's attempt to enforce the Employment Contract, and therefore, Jackson presented an affirmative claim for relief. *See Alan Reuber Chevrolet, Inc.*, 287 S.W.3d at 885–86. Accordingly, the trial court erred in dismissing Jackson's claim for attorney's fees. *See* TEX. R. CIV. P. 162. We sustain Jackson's first issue.

In light of our resolution of his first issue, we need not address Jackson's second or third issues.[4]

In his fourth issue, Jackson urges the trial court erred by entering an order dismissing Paytri's claims without prejudice instead of with prejudice and in failing to award Jackson his costs. Jackson relies on the fact that, after the order of dismissal, he presented evidence of another trial court's decision that an employment agreement he alleges to be the same as the Employment Contract was unenforceable. Jackson urges that decision collaterally estopped Playtri from re-litigating the "same issue in this lawsuit." However, there is no indication that the trial court considered Jackson's request for attorney's fees, by formal hearing or otherwise. *See, e.g.*, *Duchouquette v. Prestigious Pets, LLC*, No. 05-16-01163-CV, 2017 WL 5109341, at *4 (Tex. App.—Dallas Nov. 6, 2017, no pet.) (remanding to trial court for consideration of Texas Citizens Participation Act motion where no indication trial court considered merits of motion before erroneously dismissing case for want of jurisdiction). Having concluded the trial court erred in dismissing Jackson's claim for attorney's fees, we pretermit Jackson's fourth issue.

---

[4] In his second issue, Jackson argues the trial court erred by dismissing his pending request for attorney's fees without notice and opportunity to be heard. In his third issue, Jackson maintains the trial court violated his due process rights by signing the order of dismissal and the order denying Jackson's motion to vacate the order or for new trial without giving him a meaningful opportunity to be heard.

## CONCLUSION

We affirm the part of the trial court's order of dismissal that dismisses Playtri's claims, reverse the part of the trial court's order of dismissal that dismisses Jackson's claim for attorney's fees, and remand that issue for further proceedings consistent with this opinion.

/David J. Schenck/
_____
DAVID J. SCHENCK
JUSTICE

180288F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GERALD JACKSON, JR., Appellant

No. 05-18-00288-CV      V.

ALI ZAHER ENTERPRISES, LLC D/B/A
PLAYTRI, Appellee

On Appeal from the 95th District Court,
Dallas County, Texas
Trial Court Cause No. DC-17-03371.
Opinion delivered by Justice Schenck,
Justices Reichek and Nowell participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** that portion of the trial court's order dismissing Gerald Jackson, Jr.'s claim for attorney's fees and **AFFIRM** that portion of the trial court's order dismissing Playtri's claims against Gerald Jackson, Jr. We **REMAND** the issue of Gerald Jackson, Jr.'s claim for attorney's fees to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that each party bear its own costs of this appeal.


Judgment entered this 20th day of February 2019.