**Dismiss and Opinion Filed May 3, 2022**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-21-00913-CV

**DOWNTOWN MCKINNEY PARTNERS, LLC, Appellant**
**V.**
**INTERMCKINNEY, LLC, Appellee**

**On Appeal from the 471st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 471-03474-2020**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Nowell
Opinion by Justice Pedersen, III

We are confronted in this appeal with a threshold jurisdictional issue—is a summary judgment that dismisses plaintiff's claims but does not address the defendant's counterclaim for attorney's fees final and appealable when the filing fee for the counterclaim was not paid? We conclude it is not and dismiss the appeal. *See* Tex. R. App. P. 42.3(a); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (subject to mostly statutory exceptions, appeal may only be taken from final judgment that disposes of all parties and claims).

This appeal follows the trial court's order granting appellee's motion for traditional and no evidence summary judgment and dismissing all of appellant's

claims against appellee. Because the record reflected appellee had filed a counterclaim for attorney's fees and the summary judgment order did not dispose of that claim,[1] we questioned our jurisdiction over the appeal.

At our direction, appellant filed a letter brief addressing our concern.[2] Noting that appellee failed to pay the filing fee for the counterclaim, appellant argues that the summary judgment is final and we have jurisdiction over the appeal because the counterclaim was "merely 'conditional' awaiting payment of the fee.'" In support, appellant cites to *In re C.A.S.*, 128 S.W.3d 681, 683 (Tex. App.—Dallas 2003, no pet.).

In *C.A.S.*, the trial court signed an order dismissing the "case" after plaintiff non-suited her claims. *See id.* The defendant, however, had filed counterclaims. *Id.* Because Texas Rule of Civil Procedure 162, which governs non-suits, provides that a plaintiff's non-suit does not prejudice pending counterclaims, defendant appeared at the originally scheduled trial date. *In re C.A.S.*, 128 S.W.3d at 683; *see also* TEX. R. CIV. P. 162. The plaintiff failed to appear, and the defendant obtained a default judgment on his counterclaims. *Id.* The default judgment was subsequently vacated, and the defendant then filed a restricted appeal from the non-suit order, asserting the order did not affect his counterclaims. *Id.*

---

[1] The record did not reflect any other order disposed of the claim either.

[2] Appellee was given an opportunity to respond but did not do so.

As reflected in the opinion, we began by determining whether the dismissal order was final such that we had jurisdiction. *Id.* at 684. We concluded that by dismissing the "case," the order by its own terms dismissed all claims by both parties and was therefore final. *Id.* We then turned to whether the trial court erred in dismissing the defendant's counterclaims in light of rule 162. Because the defendant had failed to pay the counterclaim filing fee, we deemed the counterclaims "conditional," pending payment of the fee, and determined the defendant had no unconditional right to be heard on these claims so no error occurred. *Id.*

In arguing *C.A.S.* supports the summary judgment here being final, appellant conflates our determination that the dismissal order was final and we had jurisdiction with our determination that dismissing the defendant's counterclaims was not error because the counterclaims were conditional pending payment of the filing fee. Our determination that the dismissal order was final, however, did not stem from the counterclaims being conditional because the defendant failed to pay the filing fee. Rather, we determined the order was final because of its language. *See id.* It dismissed the "case," leaving no parties or claims pending. In making that determination, we necessarily concluded that the counterclaims were pending before the trial court at the time of dismissal, the trial court had jurisdiction over them, and disposed of them. *C.A.S.* supports that the judgment here is not final, not that it is.[3]

---

[3] We note appellant also asserts in support of jurisdiction that the trial court and parties have treated the judgment as final. However, while the parties' conduct can help a court determine finality, parties cannot

Because the summary judgment did not dispose of appellee's counterclaim for attorney's fee, it is not final. *See Lehmann*, 39 S.W.3d at 195. Accordingly, we lack jurisdiction and dismiss the appeal. *See* TEX. R. APP. P. 42.3(a).

210913f.p05

/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE

---

confer jurisdiction by waiver, consent, or estoppel. *See Castle & Cooke Mortg., LLC v. Diamond T Ranch Dev., Inc.*, 330 S.W.3d 684, 688 (Tex. App.—San Antonio 2010, no pet.).



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DOWNTOWN MCKINNEY
PARTNERS, LLC, Appellant

No. 05-21-00913-CV     V.

INTERMCKINNEY, LLC, Appellee

On Appeal from the 471st Judicial
District Court, Collin County, Texas
Trial Court Cause No. 471-03474-
2020.
Opinion delivered by Justice
Pedersen, III, Justices Partida-
Kipness and Nowell participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal.

We **ORDER** that appellee InterMcKinney, LLC recover its costs, if any, of this appeal from appellant Downtown McKinney Partners, LLC.

Judgment entered this 3rd day of May 2022.